HARVARD LAW SCHOOL LIBRARY,

# SAVAGE & DARRINGTON vs. WALSH & EMANUEL.

1. When one defendant wishes to revise a judgment rendered against himself jointly with others, he has the right to use their names for this purpose; but, if they are unwilling to join in assigning errors, they must be summoned after the case comes to the Supreme Court; and on their failure to join after such summons, an order of severance is granted, and the appellant then prosecutes his appeal separately.

2. And if the appellant in such case dies, having given bond with security to supersede the judgment, the suit may be revived in the name of his personal representative.

APPEAL from the Circuit Court of Clarke.

MOTION to abate the appeal, for causes stated in the opinion.

F. S. BLOUNT, for the motion.

R. C. TORREY, *contra.*

CHILTON, C. J.—The judgment in the court below was against James Savage and Darrington. Savage alone sued out the appeal, and gave bond with security, as required by the statute, to supersede the judgment. After the cause was

brought to this court, Savage died; and the motion now is, that the suit abate by reason of his death.

The rule which has long been established and recognized by this court, is, that where there are several defendants to a judgment in the court below, some one or more of whom desire to revise the judgment in a higher tribunal, and the others are unwilling to join them, the party wishing to take the case up has the right to do so, and to use the name of all the defendants for this purpose; but, if the other parties are unwilling to join in assigning errors, they must be summoned after the case comes to this court, and, on their failure to join after such summons, there is an order of severance, and the writ of error is then prosecuted by the plaintiffs separately.—1 S. & P. 253. Since, by the Code, appeals are made to supersede writs of error in civil cases, we see no reason why the same rule of practice should not obtain.

As to the objection that the suit cannot be revived in the name of the administrator of James Savage, the appellant, who has died since he sued out the appeal, we think it cannot be supported: the statutes expressly provide for such cases.

Nor does the fact that an appeal bond was executed, make any difference. It is settled, that should there be an affirmance after the suit is revived, the judgment would be rendered against all the parties, but as against the administrator, to be levied *de bonis intestatis*, and as against the securities of their own proper goods, &c.—Bancroft, adm'r, &c., *et al.*, v. Stanton, 7 Ala. 351.

Our opinion, therefore, is, that the suit in this court may well be revived in the name of the appellant's personal representative; that after he is made a party, and the suit revived in his name, Darrington be summoned to join in the assignment of error, and, on his failure to do so, the administrator proceed on his separate assignment.

Motion denied.