MOORE *vs.* McGUIRE.

1. A probate judge has no jurisdiction, except when sitting as a court in term time, to take a confession of judgment from the defendant in a bastardy proceeding; such a judgment, therefore, is *coram non judice*, and void.
2. But, *it seems*, the court may declare such judgment void, and proceed with the cause from the last previous continuance.
3. The practice in appeals under the Code, where one defendant wishes to revise a judgment rendered against himself jointly with others, should conform to the former practice under writs of error: the appeal must be sued out in the name of all the defendants, after which there may be a summons and severance as to those who refuse to join; and after a severance, the party refusing to join will not be liable for the costs of the appeal, nor for the statutory damages on affirmance.

APPEAL from the Court of Probate of Tuskaloosa.

W. MOODY, for the appellant.

J. L. MARTIN and E. W. PECK, *contra.*

CHILTON, C. J.—This was a proceeding in bastardy against William D. Moore, as the reputed father of a child born of Elizabeth C. Carroll. The defendant, Moore, was bound over to appear at the Court of Probate for Tuskaloosa county by a justice of the peace, and after the Probate Court took jurisdiction, the cause was continued, at his instance, for several terms. The last continuance, which was ordered on the 8th day of September, 1851, was to a regular term of the Probate Court to be holden on the second Monday in October then next; but it appears that in the meantime, to-wit, on the 24th day of September, 1851, Moore appeared, and confessed judgment for five hundred dollars. Thereupon the court ordered and adjudged, "that he be condemned to pay the sum of fifty dollars a year, for ten years, towards the maintenance and education of ———, the bastard child of which the said Elizabeth Carroll was delivered, and that said defendant pay the cost," &c., "and that execution issue for said.costs, and for said several installments as they become due, against the said William D. Moore, and also James B. Moore and Drewry Prewitt, his securities." Then follows a bond, bearing even date with the judgment, executed by the said William D.

and James B. Moore, and Drewry Prewitt, reciting that the said William had been condemned to pay fifty dollars per year for ten years for the support and education of said .bastard, and with the condition, that if such payments should be yearly made to the judge of probate, or the lawfully appointed guardian of said child, to be thereafter appointed, the bond was to be void. It appears that Prewitt and James B. Moore were the sureties on the bond taken by the justice of the peace for the appearance of William D. before the Probate Court. Upon this judgment execution issued against all the parties, and the same was superseded by the execution of an appeal bond, and suing out an appeal to this court on the part of James B. Moore, neither of the other parties joining in the appeal.

The several acts referring to proceedings of this character, are cited in the case of Scale v. McClanahan, judge, &c., 21 Ala. 345, and need not be here repeated. It is very clear that the Probate Court can exercise no jurisdiction, except such as is conferred by the statute in such case, and must proceed according to the mode pointed out. By the act of 1850, (see Acts, p. 27,) the judges of these courts are required to hold regular terms thereof, to commence on the second Monday in each month, and may have special or adjourned terms, when required for any special business, at any time. The proceeding before us does not appear to have been had at any special or adjourned term. The record furnishes no evidence that any such term was ordered or held. The cause was, however, taken up on the 24th of September, 1851, after it had been adjourned over on the eighth of that month to the term required by law to be held, to-wit, on the second Monday in October, 1851. We are left to infer, therefore, that the defendant came before the judge of probate on the 24th of September, and confessed the judgment, and that the entry was then made by him, as is shown by the record, there being no term of the court then being held. If this be so, the whole proceeding, after the continuance to the second Monday in October, 1851, is *coram non judice*, and consequently void. The judge, as such, has no jurisdiction to take the confession. He must be sitting *as a court*, and holding either a special or adjourned term, which must be certified upon the record, or

a regular term, of which, being regulated by public law, this court would judicially take notice.

The citation and the bond in this case show that this appeal is not sued out by the party against whom the judgment was rendered, nor is he in any way made a party in this court; but it is prosecuted by one of the sureties to the bond, against whom execution was ordered to issue, and he alone gives the bond to prosecute *his* appeal.   There is no bond to supersede, or security for cost, as respects the other defendants; and as to them, under our decisions, there is no appeal.—Code, § 3041.

In causes where there are several defendants against whom a joint judgment is rendered, or a joint duty imposed by the decree of the court, they cannot sue out separate appeals, and thus destroy the unity of the judgment or decree and try the cause piece-meal in this court.   The practice, before the adoption of the Code, was, for one to sue out a writ of error in the name of all, even against their consent; and if they refused to join in the assignment of error, for this court, upon motion of the plaintiff in error, to award a summons to the others, that they may join, and on their failure, to allow a severance, and thus enable the plaintiff to prosecute separately.—Jameson v. Coleburn, 1 Stew. & Por. 253.   In such case, the bond given by one, with security as required by the statute, operated a *supersedeas* of the judgment.—Webster v. Yancey, Ala. Rep., by Minor, 183.   As, under the Code, an appeal is substituted for the writ of error, and is a matter of right upon the execution of a good bond, or giving security for the cost, we think, by analogy to the old rule, it is competent, where there are several persons composing the party plaintiff or defendant, for one to sue out the appeal in the name of all, after which there may be a summons and severance as under the old practice.—Savage & Darrington v. Walsh & Emanuel, 24 Ala. 293.   In such case, the certificate of the clerk should show that the appeal was taken by the party actually applying in the name of all, and the bond should be for the prosecution of the appeal generally, and not, as in this case, for the prosecution of a separate appeal by one.   Section 3041 of the Code requires security for costs in all cases of appeal where a *supersedeas* bond has not been executed.   One appellant may give this for all the rest—so, also,

he may execute a *supersedeas* bond, which will have the same effect. If, however, there be a severance, the party refusing to join would not be liable for the costs in this court, nor for any damages which might be superadded on affirmance.

We have deemed it proper to say what we have as to the merits of this controversy, in order that, should the facts not justify an amendment of the record showing that the Probate Court had jurisdiction to render the judgment upon the confession of William D. Moore, the court may proceed to declare its former action void, and proceed with the cause as it stood anterior to the confession. We are of opinion that this may be done under the former decisions of this court.—Moore v. Easley, admr, &c., 18 Ala. 619, and cases there cited.

Let the appeal be dismissed, with costs.