## DESLONDE & JAMES vs. CARTER ET AL.

[MOTION TO DISMISS APPEAL.]

1. *Proper parties to appeal.*—An appeal from a joint judgment against several defendants, though sued out by one of the defendants, must be in the names of all; but it is not necessary that the appeal bond should, in so many words, recite that fact, if, upon a fair construction of its language, it shows that the whole case is brought up.

2. *Sufficiency of appeal bond.*—A joint judgment having been rendered against D. and J., the two proponents of a will, D. alone sued out an appeal; and the condition of the appeal bond was as follows: "Whereas the above bound D. hath applied for and obtained an appeal, in a certain suit heretofore pending and determined", &c., "in which the said C. and E. [obligees] are defendants, and said D. and J. are plaintiffs, in the matter of the contest of the will of J. D., deceased, returnable", &c.: "Now, if the said D. shall prosecute said appeal to effect, and pay and satisfy the judgment which shall be rendered in said cause", &c. *Held*, that the bond was sufficient.

APPEAL from the Court of Probate of Clarke.

In the matter of the last will and testament of John Darrington, deceased, which was propounded for probate by Edmund A. Deslonde and Robert D. James, as executors, and was resisted by the appellees. An issue being made up, and submitted to a jury, who returned a verdict against the validity of the will, the court rendered judgment against "the plaintiffs, or proponents", for the costs of their witnesses, and disallowed the probate of the will. The minute entry then proceeds as follows: "Thereupon came Edmund A. Deslonde, one of the proponents of said will, and craved an appeal, in open court, to the next term of the supreme court, which is granted; and thereupon said Deslonde entered into bond, with F. A. Cowles and Wm. S. Trigg, security for the appeal, in the sum of $200." The condition of the appeal bond is as follows: "The condition of this obligation is such, that whereas the above bound Edmund A. Deslonde hath applied for and obtained an appeal, in a certain suit heretofore pending and determined in the probate court of Clarke county, in which the said John T. Carter and Eliza,

his wife, and Robert Darrington, are defendants, and said Deslonde and Robert D. James are plaintiffs, in the matter of the contest of the will of John Darrington, deceased, returnable to the next term of the supreme court, at Montgomery, on the first Monday in January, 1856 : Now, if the said Deslonde shall prosecute said appeal to effect, and pay and satisfy the judgment which shall be rendered in said cause by said supreme court, then this obligation to be void."

On these facts a motion to dismiss the appeal was made.

WM. P. CHILTON and GEO. W. GAYLE, for the motion :

1. James was one of the proponents of the will, and is one of the defendants to the judgment; while the appeal is prosecuted by Deslonde alone, and is therefore fatally defective.— Moore v. McGuire, 26 Ala. 461; Williams v. The State, *ib.* 85; Dumas v. Hunter, at the present term; Wiswell v. Munroe, 4 Ala. 10; Savage & Darrington v. Walsh & Emanuel, 24 *ib.* 293; Portis v. Carroll, 4 Porter, 332; Swift v. Hill, 1 *ib.* 277; Webster v. Yancey, Minor, 183; Adams v. Robinson, *ib.* 285; Caller v. Brittain, *ib.* 27; Jameson v. Colburn, 1 Stew. & P. 253; Billinslea v. Abercrombie, 2 *ib.* 24; Whitaker v. Patton, 1 Porter, 9.

2. If it be said that James is not a party to the judgment, then the appeal bond is fatally defective, since it describes a judgment against Deslonde and James.—Williams v. The State, 26 Ala. 85.

3. An amendment of the appeal cannot be allowed, for there is no statute to authorize it. The sureties have a right to stand on the terms of their contract. Besides, the court must have jurisdiction before it can amend: it cannot give itself jurisdiction by an amendment.

E. S. DARGAN and F. S. BLOUNT, *contra:*

1. The whole record shows that James was not a party to the proceedings in the court below, and that the insertion of his name in the judgment entry is a mere clerical misprision, which is amendable by the record.—Smith v. Redus, 9 Ala. 99; Hood & Stinnett v. Branch Bank, *ib.* 335; Drummond v. Wright, 1 *ib.* 205; Patterson v. Burnett, 6 *ib.* 844; Moody v. Keener, 9 Porter, 252; 24 Miss.

2. The sufficiency of the bond depends upon the question, whether it is a valid security for the costs. That it is a substantial compliance with the statute, see Williams v. McConico, 27 Ala. 572; and that it is, at all events, valid as a common-law bond, see Whitsett v. Womack, 8 Ala. 466; Meredith v. Richardson, 10 *ib.* 828.


STONE, J.—Motion in this case is made by the appellees to dismiss the appeal. The ground urged is, that the appeal bond does not conform to the case in the court below,—and that therefore there is no proper security for costs.

In Moore v. McGuire, 26 Ala. 461, the rule is laid down, that " when there are several defendants, against whom a joint judgment is rendered, or a joint duty imposed by the decree of the court, they can not sue out separate appeals." This is a very recent exposition of the rule, and we are satisfied with it. Under its authority, if one defendant, thus circumstanced, sue out a separate appeal, and the objection be taken, the court will dismiss the appeal. The same case declares the proper rule of practice in such cases; namely, that the appeal shall be taken in the names of all the defendants. In the case of Moore v. McGuire, *supra*, the bond was held insufficient, because its condition was, that the *one party* who gave it should prosecute *his* appeal.

To render the appeal effectual, it is not necessary that the bond shall, in so many words, recite that the *one defendant* to the joint judgment sues out the appeal *in the names of all.* It is sufficient, if, upon a fair construction of its language, this is made to appear. In other words, if the bond shows that the *whole case* is brought up, the appeal will be entertained.

The present bond brings up the *whole case.* The decree of the probate court is against Edmund A. Deslonde and Robert D. James; and the bond of Deslonde, although not joined in by James, nowhere indicates that it is the individual appeal of Deslonde. The fault of the argument, in favor of the motion to dismiss, lies in the supposition that Deslonde's bond is *his* individual appeal. The case of Savage & Darrington v. Walsh & Emanuel, 24 Ala. 293, presented the precise point here raised; and the motion in that case was overruled,

on the grounds assigned for this opinion. The report of the case contains no statement of the condition of the bond. Looking into the record, we find no substantial difference between the bond and certificate in that case and the same papers found in this record.

Motion refused.