## FARMER *vs.* WILSON.

[MOTION TO DISMISS APPEAL.]

1. *Amendment of judgment nunc pro tunc pending appeal.*—When a judgment is amended *nunc pro tunc*, after an appeal has been sued out, by the addition of another party defendant, the amendment will be considered as relating back to the date of the original judgment, for the purpose of bringing up the entire case with the new party, but not for the purpose of defeating the appeal on account of the want of proper parties, or a misdescription of the judgment in the appeal bond.

APPEAL from the Circuit Court of Lauderdale.

Tried before the Hon. JOHN E. MOORE.

THE facts of this case, so far as they have any bearing on the motion to dismiss the appeal, are stated in the opinion of the court.

R. W. WALKER, for the motion.

JOHN S. & E. W. KENNEDY, *contra.*

WALKER, J.—At the April term of the court below, 1858, a judgment was rendered against the appellant. At the fall term, 1858, the judgment was amended *nunc pro tunc*, so as to embrace an additional party defendant. During the interval between the rendition of the judgment and its amendment, the appellant obtained an appeal to this court in his own name, describing the judgment as one against himself alone. A motion is now made to dismiss the appeal, upon the ground, that the amendment *nunc pro tunc* has relation back to the date of the original judgment; that therefore the party defendant embraced in the judgment by the amendment *nunc pro tunc* was, by intendment of law, a defendant from the date of the judgment; and that the appeal was improperly taken in the name of the appellant alone, and the judgment improperly described as being against the appellant alone.

This court said, in Pearson v. Darrington, 21 Ala. 169, that "the doctrine of relation back to a former period, is a fiction, which is often indulged in advancement of justice to sustain legal proceedings; but it is never resorted to, when the result would be to deprive a party of a clear legal right, or when it would work manifest injustice." To allow the doctrine of relation the operation sought by the motion, would deprive the appellant of a clear legal right, and would work manifest injustice. As soon as the judgment was rendered, there was a "*final judgment*" of the circuit court against him; and from that he had a right to appeal, by virtue of section 3016 of the Code; and that right he exercised in taking the appeal. Looking at the judgment as it stood at the time the appeal was taken in the name of the proper party, the judgment was correctly described. The doctrine of relation, as invoked, would take away from the appellant his appeal, to which he had under the law a right, and which he had obtained in pursuance to the law. Besides, the most gross and irremediable injustice might result, if the amendment should defeat the appeal. For it would be in the power of the appellee to destroy an appeal, when the statute of limitations had perfected a bar to another appeal.

The appeal, taken by the single and sole defendant, must be regarded as bringing up the entire case; not merely as it stood when the appeal was taken, but as it stood after the amendment *nunc pro tunc*. To allow the amendment to relate back, so as to regard it as a part of the case when the appeal was taken, *for the purpose of embracing it with the matter brought up by the appeal* under the revising power of this court, is not inconsistent with a denial of its relation back *for the purpose of defeating the appeal*. The doctrine of relation, when it operates to bring the amendment within the scope of the appeal, takes away no right, does no injustice, and provides a convenient practice, promoting an easy administration of justice. On the other hand, to allow the doctrine to defeat a subsisting appeal, would, as we have seen, take away a right, and effect the grossest injustice.

The appeal must necessarily bring the entire case, including the amendment, before this court. That it does, has been several times decided by this court, in reference to amendments not bringing in an additional party.—Cunningham v. Fontaine, 25 Ala. 644, and cases therein cited. The same principle must prevail as to the amendment in this case, which adds a party defendant; otherwise, there might be different appeals by the different defendants. The rule, repeatedly recognized by this court, is, that an appeal cannot be taken in the name of one of several defendants, but must be taken in the name of all.—See the cases collected in Shepherd's Digest, 563, §§ 10 and 11. To the general rule prescribed by those decisions, which we have no disposition to disturb, this case must necessarily constitute an exception. They apply to cases where the parties are upon the record when the appeal is taken. They cannot apply to this case, where a co-defendant is actually brought into the judgment by an amendment *nunc pro tunc* after the appeal is taken. To require a defendant to anticipate a motion to amend *nunc pro tunc* by his adversary, would be to exact an impossibility. If the appeal should be sued out, after an amendment *nunc pro tunc* bringing in an additional defendant, it would, of course, be necessary that the

appeal should be taken in the name of all the defendants. Dumas v. Hunter, 30 Ala. 188.

If the appeal had been taken by the appellant, in the name of himself and co-defendant, a summons and severance would have been the proper course if the co-defendant was unwilling to join in the assignment of errors.—Savage & Darrington v. Walsh & Emanuel, 24 Ala. Rep. 293; Moore v. McGuire, 26 Ala. 461.

In analogy to that rule, if the defendant brought in by the amendment, does not come in, and join in the assignment of errors, there must be a summons and severance.

No difficulty under this decision grows out of the fact, that there may be two appellants, only one of whom has given bond. Precisely the same thing occurs, when one defendant takes the appeal in the name of himself and his co-defendants.—Moore v. McGuire, *supra*.

The motion to dismiss the appeal is overruled.