# Winn *v.* Dillard.

*Appeal from Interlocutory Decree in Chancery; Motion to Dismiss.*

1. *To what term appeal should be taken.*—An appeal from an interlocutory decree in chancery, overruling a demurrer to a bill, or a motion to dismiss for want of equity, etc, (Code of 1876, § 3918), should be taken to the first Tuesday in some month during the pending term of this court (§ 3925), if the legal notice can be given, and not to the next term; otherwise, the delay and cost of protracted litigation, which the statute was intended to prevent, will not be avoided, and the object of the statute will be frustrated.

2. *Waiver of appeal.*—When a defendant in a chancery cause, having prayed and obtained an appeal from an interlocutory decree overruling a demurrer to

(24)

[Winn v. Dillard.]

the bill, files an answer and cross-bill before the return of the appeal to this court, or takes any other steps in the cause inconsistent with the pendency of the appeal, he thereby waives the appeal, and it will be dismissed on motion.

3. *When cross-bill must contain equity.*—When a cross-bill sets up matters in defense only of the original bill, it is not necessary that such matters should be of equitable cognizance, as distinguished from legal demands; but, when it seeks relief as to independent matters outside of the case made by the original bill, except by way of set-off, it must show some ground of equitable jurisdiction.

APPEAL from the Chancery Court of Marengo.

Heard before the Hon. CHARLES TURNER.

The original bill in this case was filed on the 17th December, 1875, by A. W. Dillard, against Mrs. Willie G. Winn; and sought a rescission of a contract made in August, 1872, by which the defendant sold and conveyed a tract of land to the complainant. A rescission of the contract was sought on the ground that the lands were very much infested with "cocoa grass" and "wire grass," which greatly impaired their value, and rendered their cultivation more difficult and costly, while they were unfit for pasturage; that this fact was not known to the complainant at the time he made the contract, and was not communicated to him by the defendant, to whom it was well known. Besides a rescission of the contract, and the cancellation of the notes given for the purchase-money, the bill prayed an account of the taxes paid, the value of the improvements erected by him on the land, and the reasonable rent during his occupation, and a decree for whatever balance might be found in his favor, with a lien on the land for its payment. There was a demurrer to the bill, which was partly overruled; and after praying an appeal from the decree on the demurrer, the defendant filed an answer and cross-bill, setting up therein a sale of the land, after the filing of the original bill, under a deed of trust given to secure the payment of the notes for the purchase-money, and the defendant's purchase at that sale, for a sum less by $2,000 than the unpaid purchase-money; and praying an account of the amount still due for the purchase-money, and of the rent of the land, or the value of the use and occupation by the defendant, subsequent to the sale. The chancellor sustained a demurrer to the cross-bill, and dismissed it; and from that decree, also, an appeal was taken by the complainant therein. Both appeals are included in one transcript. The errors here assigned are—1st, the overruling of the demurrer to the original bill; and, 2d, the sustaining of the demurrer to the cross-bill. On the part of the appellee, a motion was submitted to dismiss the appeal from the decree on the demurrer to the original bill, and to strike out the assignment of error founded on that decree; and the cause was at the same time submitted on the merits.

[Winn v. Dillard.]

J. T. JONES, for the appellant.—1. The appeal from the decree on the demurrer to the original bill was taken within thirty days, the time prescribed by the statute ; and it was neither abandoned, nor forfeited by afterwards filing an answer and cross-bill. The statute authorizing such appeals does not require nor contemplate a suspension of proceedings in the court below. If the decree is here affirmed, the answer and cross bill bring the case so much nearer to a final hearing, and thus avoid delay ; and if it is reversed, and finally disposed of on the demurrer, the appellant only is injured. If the answer or cross-bill was irregularly filed, they should be struck from the files.

2. The cross-bill was necessary and proper, since the relief asked by it could not be had under the answer.— *Gallagher v. Witherington,* 29 Ala. 420; *Goodwin v. McGehee,* 15 Ala. 233.

COLEMAN, CLARKE & MCQUEEN, *contra.*—1. The first appeal, which was taken on the 22d April, 1876, was waived and forfeited, because it was not prosecuted to the next ensuing term of this court ; and for the further reason, that the filing of the answer and cross-bill were inconsistent with the pendency of an appeal in this court.

2. The cross-bill was properly dismissed, because it was unnecessary, so far as it set up matters of defense ; and because it sought relief as to mere legal demands, outside of matters set up in the bill.—Story's Eq. Pl. §§ 389, 398 ; Mitford's Eq. Pl. 28, 64 ; *Alston v. Alston,* 34 Ala. 15-29 ; *Weed v. Small,* 3 Sandf. Ch. R. 273 ; *Fife v. Clayton,* 13 Vesey, 546 ; *Garner & Neville v. Leverett,* 32 Ala. 410.

BRICKELL, C. J.—The appellee filed an original bill, for the rescission of a contract for the purchase of lands, made with the appellant. The bill was filed in the proper chancery district ; but, the chancellor having an interest in the suit, on the application of the appellant it was transferred to another division and district. At the time of the transfer, the case was standing for hearing, on the demurrer of the appellant to the original bill, no answer having been made. After the transfer, additional grounds of demurrer were filed ; and a decree was rendered, overruling the demurrer in part, and in part sustaining it. From this decree, an appeal to this court was, within thirty days, prayed and obtained by the defendant. On the day of taking the appeal, the cause was re-transferred to the court in which it had been commenced. Six days thereafter, the appellant filed her answer to the original bill. The bill was subsequently amended, to

cure the defects which were supposed to exist, in the particular in which the demurrer had been sustained. Thereafter, the appellant filed a cross-bill; to which the appellee demurred, and the demurrer was sustained. From the decree overruling the demurrer to the original bill, and from the decree sustaining the demurrer to the cross-bill, this appeal is prosecuted, and the assignments of error are the rendition of each decree. A motion is now made to strike out the first assignment of error, relating to the decree overruling the demurrer to the original bill, and to dismiss the appeal, so far as respects that decree. On that motion, and on the assignment of error relating to the cross-bill, the cause was submitted.

Prior to the statute of March 20, 1875, now forming section 3918 of the Code of 1876, an appeal would not lie from a decree overruling a demurrer to a bill in equity, unless the complainant consented of record to the prosecution of such appeal.—*Hightower v. Kennedy*, 11 Ala. 562; Rev. Code, § 3486. The reason is, that, in our practice, such a decree is not final. The defendant has the unqualified right to plead, or answer, after the demurrer is overruled. The cause remains pending and undetermined, and it may be, on a final hearing, a decree will be pronounced in his favor, rendering harmless the decree overruling the demurrer. It may be, also, that on the final hearing the chancellor may be satisfied he was in error in overruling the demurrer; and if he was, and the defect is incapable of being cured by amendment, he is not bound to persist in the error, but may render the proper decree, dismissing the bill, though it is supported by evidence. A final decree, disposing of the equities of the case, declaring finally the rights and liabilities of the parties, alone would, prior to the statute to which we have referred, support an appeal.—*Garner v. Prewitt*, 32 Ala. 15. The result, in practice, was, that parties were sometimes compelled to the delay and cost of protracted litigation on the facts of cases, which, on demurrer, ought to have been pronounced not within the jurisdiction; or pleas were sustained, or overruled, on which, if the proper judgment had been rendered in the primary stages of the cause, the litigation would have terminated.

To remedy this evil, the statute affords the right of appeal, from a decree sustaining or overruling a demurrer, or a motion to dismiss a bill for want of equity, or sustaining or overruling a plea to such bill, if the appeal is taken within thirty days after the rendition of the decree; and in this court, the appeal is to be heard in preference to other than criminal cases, and the court is commanded to render the decree the chancellor should have rendered, if the decree is

reversed. Avoiding the delay and continuance of litigation, incident to the practice under pre-existing statutes, is the evil the statute is manifestly designed to cure. When construed in connection with a statute enacted at the same session (§ 3925, Code of 1876), authorizing appeals to be taken to the first Tuesday of any month during the session of this court, if the legal notice of appeal can be given, the appeal ought to be taken and prosecuted under that statute, and not to the succeeding term of the court. Otherwise, the evil against which the statute is directed, will not be avoided. For several months proceedings in the Court of Chancery could be suspended, awaiting the prosecution of the appeal taken within the prescribed time. We do not say, however, in the present case, that an appeal taken to the next term will be dismissed.

2. A party, after claiming and obtaining an appeal from the interlocutory decree sustaining or overruling a demurrer, or a motion to dismiss, or sustaining or overruling a plea, cannot take steps in the cause, in the Court of Chancery, inconsistent with the prosecution of the appeal. The statute confers the right of appeal from such decrees, as a mere privilege, which a party may or not exercise. If he does not exercise it, and the final decree is adverse to him, from that he may prosecute an appeal, and assign as error the rendition of the interlocutory decree. The right the statute secures, is a revision in this court of the interlocutory decree, and a judgment which must exert a controlling influence on the final decree. While exercising the privilege of obtaining from this court a revision of the interlocutory decrees, proceedings in the Court of Chancery, in the order which must be observed if the appeal had not been taken, and which are necessary, or proper, only in the event of the affirmance of the decree, are inconsistent with the appeal; and, if taken before the return of the appeal to this court, must be regarded as a waiver of it. By pursuing several distinct rights at the same time, a party cannot compel his adversary into the vexation and expense of double litigation. If the appeal from the decree overruling the demurrer to the original bill was well taken, no answer from the appellant was necessary, or proper; and without an answer, a cross-bill could not be filed. The answer was only necessary, in the event of the affirmance of the interlocutory decree. By answering, after having taken the appeal, the appellant lost the right of insisting on, and prosecuting it.

Under our statutes, prior to the Code, pleading to an amended declaration was a waiver of the right on error to question the correctness of the order allowing the amend-

ment (*Caldwell v. May*, 1 Stew. 425); and an amendment of the declaration was a waiver of the right on error to revise the judgment of the court on the demurrer to the original.—*Stallings v. Newman*, 26 Ala. 300. The principle was, that there was an acquiescence in the judgment, inconsistent with the right subsequently to assail it. The principle applies to the case now presented; and the right of prosecuting the appeal from the interlocutory decree was lost by the subsequent proceedings taken in the cause by the appellant. The revision of that decree can now be had, only on an appeal from the final decree, if that is adverse to her. It follows, the motion to strike out the first assignment of error, relating to the decree on the demurrer to the original bill, must be sustained, and the appeal, as to that decree, dismissed.

3. We concur with the chancellor, that the demurrer to the cross-bill was well taken. The demands in respect to which the relief is prayed, are mere legal demands, for the recovery of which the law affords adequate remedies. If relief, not defense, is the object of a cross-bill, the claim and title of the complainant in it must be equitable. When it is said that a cross-bill must not of necessity show any ground of equity to support the jurisdiction of the court, it must be taken as applied to bills making defense, and not to such bills seeking relief.—Story's Eq. Pl. §§ 398-99. Nor is it the appropriate function of a cross-bill to set up, otherwise than by way of set-off, a distinct claim against the complainants in the original bill.—Story's Eq. Pl. 398, *b; Rowan v. Sharp's Rifle Co.*, 33 Conn. 1. Let the decree on the cross-bill be affirmed, and the cause remanded.