# Howison *v*. Baird.

*Bill in Equity to enforce a Trust and for Injunction*

1. *Appeal from decree overruling motion to dismiss; when not dismissed, although answer filed in chancery court by appellant.*—Where a decree overruling a motion to dismiss a bill in chancery for want of equity and demurrer to the bill required the respondents to answer the bill within twenty days and the respondents, in compliance with such order, filed their answer, and afterwards, within thirty days from the rendition of said decree overruling the motion and demurrer, takes an appeal, such appeal is not subject to be dismissed, because of the filing of the answer in the chancery court by the respondent, after the decree appealed from was rendered.

2. *Bill to enforce rights under a lease; when without equity.* Where a bill is filed by a lessee to enforce his rights under a lease contract, it being averred that the lessor without authority declared said lease forfeited, and wrongfully ousted the complainant and that the complainant had complied with the terms of said lease, and paid the royalties due thereunder, such bill is properly dismissed on motion for a want of equity; the bill showing that the complainant had a plain, adequate and complete remedy at law.

APPEAL from the Chancery Court of Jefferson.
Tried before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellee, William Baird, against the appellant, Allen P. Howison, and W. L. Clark and the Export Coal & Railway Company; it was averred in the bill that Allen P. Howison being the

owner of certain specifically described land, executed to the complainant and the defendant W. L. Clark a lease to mine coal upon the said described land for a period of ten years from August 25th, 1898; that the complainant and the said Clark formed a partnership for mining said coal under the lease from said Howison and entered upon said land and opened a coal mine; that under the terms of the lease the complainant and Clark were to pay to Howison certain royalties on all of the coal mined. It was averred in said bill: "That during the time he and said Clark mined coal from the said lands the royalties so due to the said Howison from all the coal mined, was regularly paid, month by month, up to and including the months of August and September, 1900. But if complainant is mistaken in any respect in regard to the averment that the said royalties have all been paid to the said Howison up to and including the month of September, 1900, complainant avers that he is ready and willing and offers to pay to the said Howison whatever royalty may be due him under the said contract hereinabove mentioned and set forth." It was further averred in the bill that in the fall of 1900 Howison claimed that the complaintant and Clark had failed to pay the royalties upon the coal and had breached their contract of lease; that, thereupon, he entered into an agreement with the Export Coal & Railway Company, by which he was to give them the right and privilege of mining coals from the lands which had been leased for that purpose to the complainant and Clark; that he declared the lease to complainant and Clark forfeited and took possession of said lands and the mines opened by complainant and Clark and turned them over in the Export Coal and Railway Company, under a lease made by him with said company; that this was done although there had been no breach of the lease by the complainant, or Clark, and, that, therefore, the contract of lease made by Howison with the Export Coal and Railway Company should enure to the benefit of said complainant and Clark, and that in receiving the benefits from said lease Howison acts as trustee for complainant and Clark. It is then averred that the com-

plainant has several times called upon Clark to join with him in this suit, but that said Clark has failed and refused to do so, and, for that reason, complainant makes Clark a party defendant to the cause. The prayer of the bill is that the rights of the complainant and Clark may be established and enforced under the contract of lease with Howison; and, in the new contract made between said Howison and Export Coal and Railway Company that the complainant and his partner may be declared to be entitled to all the benefits of the said last named contract; that Howison be decreed a trustee *in invitum* of said last named contract for the use and benefit of said complainant and his partner, Clark; that the Export Coal and Railway Company be enjoined and restrained from paying any royalties under said contract to Howison, and that a settlement be made between complainant and Clark. There was also a prayer for general relief. Respondents filed a motion to dismiss the bill for a want of equity and also demurred to the bill. On submission of the case and motion to dismiss the demurrer the Chancellor rendered a decree overruling the motion to dismiss for a want of equity and the demurrer to the bill and order in said decree that "repondents have leave to answer within twenty days." This decree was rendered on October 17th, 1901. On November 6th, 1901, Howison filed an answer to the bill. After filing the answer to the bill Howison on November 12th, 1901, took an appeal from the decree overruling the motion to dismiss and the demurrer to the bill; and the rendition of this decree is assigned as error.

In this court a motion was made to dismiss the appeal on ground that the appeal was taken after answer to the bill was filed by the appellant.

TROTTER & ODELL and W. W. LAVENDER, for appellant.—The bill should have been dismissed on motion of appellants for want of equity; for if the allegations of said bill are true the appellee has a plain and adequate remedy at law: He can bring his suit in ejectment; he can sue for breach of covenant and get his damages, as no where in the bill is it averred or attempted to be aver-

[Howison v. Baird.]

red that appellant, Allen P. Howison is insolvent: See *Thames v. Schloss et al,* 120 Ala. 470; also *Winfrey v. Clark,* 107 Ala. 355.

JAMES E. WEBB, *contra.*—Appeal from the interlocutory decree rendered by the Chancery Court of Jefferson County, should be granted upon the ground *that after said interlocutory* decree was rendered, namely, on the 6th day of November, 1901, the said Howison, before he sued out said appeal on the 12th day of November, 1901, filed a full answer in said cause; and thereby waived his right of appeal from decrees on the remurrer which had been rendered.—*Winn v. Dillard,* 60 Ala. 369; *Shepperd v. Sheldon,* 34 Ala. 646; 2 Century Digest, § 959; 2 Cyclopedia of Law and Procedure, 646 Note 50 on page 646.

McCLELLAN, C. J.—The court overruled a motion to dismiss the bill for want of equity and a demurrer to the bill, made and filed by the respondents Howison and the Export Coal and Railway Co., and in and by the same decree required these respondents to answer the bill within twenty days. These respondents in compliance with this order filed their answers and afterwards, but within the thirty days allowed therefor by the statute, took an appeal to this court from the decrees overruling the motion and the demurrer. Motion is now made to dismiss this appeal because of the filing of said answers; the insistence being that the respondents thereby waived their right to appeal. The motion is without merit. If there had been no order as to the time within which answers should be filed, and the respondents *after taking* the appeal had filed their answers, it may be that this course on their part would have been a waiver of the appeal, (*Winn v. Dillard,* 60 Ala. 369, 373); but it seems clear to us that the filing of the answers as required by the court before the appeal was taken and before the lapse of the appeal period is not inconsistent with the right to take the appeal at any time within thirty days from the date of the decree. The statute imposes no conditions upon the right to take the appeal, and there

[Howison v. Baird.]

is no ground for this court to rest a denial of the right in the mere fact that the answers were filed as required by the chancery court before the term of the right of appeal had expired. The motion to dismiss the appeal must be denied.

In our opinion the motion to dismiss the bill for want of equity should have prevailed. Complainant's rights in the premises depend entirely upon the resolution in the negative of the inquiry whether Howison had authority and right to enter and take possession of the mines as upon a forfeiture of the lease to Baird and Clark for failure of compliance on their part with its terms. If Howison had no such right for that the lessees had complied with the terms of the lease his entry was a wrongful ouster of the tenants and their remedy at law for recovery of the possession and their rehabilitation as lessees in possession is plain, adequate and complete, and they have no standing in equity. The bill makes just such a case. It shows that the pretended ground of forfeiture was their alleged failure to pay the royalties due in September, or in August and September, 1900, but it avers that "during the time he (the complainant) and said Clark mined coal from the said lands the royalties so due to said Howison from all the coal mined was regularly paid, month by month, up to and including the month of August and September, 1900." Taking this as true—as we, of course, must though the bill contains an offer to pay all royalties up to and including the month of September, 1900, "if complainant is mistaken in any respect in regard to the averment that said royalties have been paid," etc,—the bill shows that Baird's remedy was clear in an action at law, and thereby demonstrates its own want of equity.

Possibly if the bill had averred that the royalties had not been paid in full, its other averments as to the conduct of Howison would have presented a case for the interference of equity to set aside the forfeiture of the lease; but we are not called upon to decide that question now.

The decree overruling the motion to dismiss the bill must be reversed, and a decree will be here entered sustaining that motion and dismissing the bill.

Reversed and rendered.