# Walsh *v.* Hill.

## *Settlement of Estate.*

(Decided Nov. 17, 1910.   53 South. 746.)

*Appeal and Error; Joint Judgment; Who May Appeal.*—Where a joint judgment is rendered against several defendants, or a joint duty is imposed upon them by the decree or judgment, separate appeals cannot be sued out, but the appeal must be in the name of all; if one so circumstances sues out a separate appeal, and the objection is taken, the appeal will stand dismissed.

APPEAL from Mobile Probate Court.

Heard before Hon. PRICE WILLIAMS, JR.

Petition by Callie White by her guardian Edward Walsh and Emma Green to have the letters of administration upon the estate of William White issued to Fannie Hill revoked and annulled. From a decree denying the petition Callie White appeals. Appeal dismissed.

EDWARD WALSH, in pro per. Appellant contends that the proceedings in the court below and on appeal are against Fannie Hill, and the motion here made is by her in her representative capacity (*Lucas v. Pittman,* 94 Ala. 616), and therefore, the motion should not be considered,—*K. C. M. & B. v. Matthews,* 142 Ala. 298. Counsel further insist that the motion should not prevail on the grounds assigned, for the reason that if the motion be good, the whole case is before the court and if there is any defect in the appeal it may be remedied by amendment or proper order.—*Harper v. Bibb,* 45 Ala. 672; *Crimmons v. Crawford,* 29 Ala. 623; *Garlic v. Dunn,* 42 Ala. 404; *Vaughan v. Higgins,* 68 Ala. 546. The appeal was taken and the bill of exceptions was signed in time.—Sec. 2863, Subd. 2, Code 1907; *Mitchell*

[Walsh v. Hill.]

v. Duncan, 94 Ala. 192; White v. Rowe, 151 Ala. 287. Counsel discuss the case on its merits but in view of what is said in the opinion, it is not deemed necessary to here set it out.

HAMILTON & THORNTON, for appellee. For the reasons stated in the motion, the appeal in this case should be dismissed.—Moore v. McGuire, 26 Ala. 461; Deslonde & James v. Carter, et al., 28 Ala. 541. The appellant did not follow the rule required in such cases. —Savage v. Walsh, 24 Ala. 293.

DOWDELL, C. J.—This cause is submitted on its merits and on motion of the appellee to dismiss the appeal. The decree of the probate court appealed from is a joint decree against the appellant, Callie White, and Emma Green, and rendered upon a petition jointly filed by them. The present appeal is taken and prosecuted in the name of Callie White, by her guardian ad litem, alone.

"When one defendant wishes to revise a judgment rendered against himself jointly with others, he has a right to use their names for this purpose; but, if they are unwilling to join in assigning errors, they must be summoned after the case comes to the Supreme Court; and on their failure to join after such summons, an order of severance is granted, and the appellant then prosecutes his appeal separately."—Savage & Darington v. Walsh & Emanuel, 24 Ala. 293.

"The practice in appeals under the Code, where one defendant wishes to revise a judgment rendered against himself jointly with others, should conform to the former practice under writs of error. The appeal must be sued out in the name of the defendants, after which there may be a summons and severance as to those who

[Walsh v. Hill.]

refuse to join; and after a severance the party refusing to join will not be liable for the costs of the appeal, nor for the statutory damages on affirmance."—*Moore v. McGuire*, 26 Ala. 461.

In the case of *Deslonde & James v. Carter, et al.*, 28 Ala. 541, it is said: "In *Moore v. McGuire*, 26 Ala. 461, the rule is laid down that 'when there are several defendants, against whom a joint judgment is rendered, or a joint duty is imposed by the decree of the court, they cannot sue out separate appeals.' This is a very recent exposition of the rule, and we are satisfied with it. Under its authority, if one defendant, thus circumstanced, sues out a separate appeal, and the objection be taken, the courts will dismiss the appeal. The same case declares the proper rule of practice in such cases, namely, that the appeal shall be taken in the names of all the defendants."

The objection was taken in the present case by timely motion to dismiss the appeal, and the appellant declined, or at least failed, to take any steps to correct the defect. It results that the motion here must prevail, and the appeal will be dismissed. This makes it unnecessary to treat other questions in case.

Appeal dismissed.

ANDERSON, SAYRE, and EVANS, JJ., concur.