(132 So. 1)

## CITY OF BIRMINGHAM v. HUDSON.

6 Div. 462.

Supreme Court of Alabama.

Oct. 30, 1930.

Rehearing Denied Nov. 28, 1930.

Further Rehearing Denied Jan. 29, 1931.

J. Ellis Brown, of Birmingham, for appellant.

Ewing, Trawick & Clark, of Birmingham, for appellee.

BROWN, J.

The appeal is from the judgment of the circuit court dismissing the petition of the city of Birmingham filed under section 7501 of the Code 1923, claiming an interest in the damages assessed in the condemnation proceedings instituted by the city board of education of the city of Birmingham, against the appellee Hudson in the probate court.

After a decree of condemnation was entered by the probate court, Hudson appealed from that decree, with the result that the case in its entirety was transferred to the circuit court for trial de novo. Code 1923, § 7492.

After the case reached the circuit court, the board of education, without objection, was allowed to amend its application so as to make the appellant a party, and thereafter a judgment of condemnation was entered and on trial by jury the damages were assessed.

Thereupon the appellant filed its petition claiming $908.83 due on March 28, 1929, for sanitary sewer assessment, and after hearing the court dismissed the petition.

We are not concerned with the regularity of the proceeding by which the appellant became a party after the appeal. As before stated, the amendment was made without objection.

We entertain no doubt that section 7501 applies to the circuit court, where, as here, the entire proceeding is removed to that court by appeal for trial de novo. But aside from this, the funds in question had come into the custody of the court in a proceeding within its jurisdiction and the circuit court possessed plenary power to order the distribution of the fund between the parties according to their respective interests. Jones v. Calloway, Adm'r, 56 Ala. 46.

The appellant's petition alleges, among other things, "that the amount of its claim, *which was liens duly and legally fixed by ordinance* of the City of Birmingham on said property for sanitary sewer assessment was $908.83 on March 28, 1929." (Italics supplied.)

The only proof offered to support the claim asserted was the testimony of one Wiberg. who worked in the city comptroller's office, in charge of the public improvement department and custodian of that department, who identified two or more sheets from the "public improvement assessment ledger" showing entries for sums purporting to be due as sewer assessments; the witness testifying that the assessments had not been paid.

In the absence of statute, the rules governing the weight and sufficiency of evidence, generally, apply to proceedings instituted to establish and enforce liens arising from local improvements made by municipal corporations. 44 C. J. 855, § 3533.

The parties have cited no statute changing the general rule, and after diligent search we have been unable to find such statute.

The evidence offered shows no more than that the city of Birmingham claimed a sum due from appellee for sanitary sewer assessment, and that it was unpaid. But fails to show that the city had a lien on the property.

334

The lien arises from an ordinance of the city commission or council confirming an assessment made in compliance with the statute. Code 1923, § 2199; Bailey v. Levy, 213 Ala. 80, 104 So. 415.

In the absence of evidence showing that the city had a lien under the local improvement statutes, embodied in article 33, chapter 43 of the Code 1923 (sections 2174–2237), the petition was properly dismissed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Rehearing.

BROWN, J.

During the examination of the witness Wiberg, after testifying that he was the custodian of the records of the public improvements department of the city of Birmingham, he was presented with the ledger sheets referred to in the original opinion, and was asked:

"What are these sheets that I hand you, Mr. Wiberg?"

To which he answered:

"*They constitute a lien for sewerage assessment against the property herein described.*" (Italics supplied.)

It has been suggested by counsel for appellant that this evidence was adduced without objection and is sufficient to justify the court in declaring a lien on the funds in the custody of the court. The statement is purely a conclusion of the witness, and, although it went in without objection, the court was not bound to accept this unwarranted conclusion as evidence of the existence of a lien.

Application overruled.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.