72 So.2d 920

**WILLIAMS v. JEFFERSON COUNTY.**

**6 Div. 710.**

Supreme Court of Alabama.

May 20, 1954.

Wm. H. Ellis, Birmingham, for appellant.

Maurice F. Bishop, Birmingham, for appellee.

liams, as the claimant of an interest in tract No. 13.

On November 10, 1952 the probate court made an order granting the petition as amended, including tract No. 13, and appointed commissioners to assess the damages and compensation to which the parties interested in the various tracts are entitled for an easement sought to be taken for highway purposes. On November 28, 1952, the commissioners made their report as to tract No. 13, fixing an award of $4100.25, and named the six persons as claimants including this appellant.

On January 21, 1953 a decree was rendered in the probate court, adjudging that the county having paid the full amount of damages and compensation assessed by the commissioners, has an easement and right of way for public road and highway purposes over the various tracts, including tract No. 13. Thereupon, on February 18, 1953, this appellant, a claimant in respect to tract No. 13, filed an application in the probate court praying that it determine the amount due him under the law in such cases and distribute same to him.

On the same day the three Warren claimants of tract No. 13 filed a demurrer to the petition of appellant, Williams, for distribution to him of his share of the assessment paid by the county. Also on that day said demurrer came on for hearing in the probate court, and was sustained by the court, and the petition was denied.

## PER CURIAM.

This is an appeal from a judgment of the circuit court dismissing appellant's appeal to that court from certain judgments or orders of the probate court in the matter of condemnation proceedings by the county, appellee here.

The petition for condemnation of a large number of tracts was dated October 6, 1952 and presumably filed on that day. This proceeding has to do with tract No. 13.— See Title 19, section 8 of the Code. There are five persons named as interested in that tract. Petitioner later amended the petition by adding this appellant, W. T. Wil-

On February 19, 1953 this appellant filed in said probate court a notice of appeal "from the following separately and severally:

"1. The order of condemnation heretofore rendered herein.

"2. The report of the commissioners heretofore rendered herein.

"3. The decree dated February 18, 1953 sustaining demurrer to *W. T. Williams'* *petition* for apportionment and distribution of funds." (It did not appeal from that portion of the decree denying the petition.) It was therein said to apply to tract No. 13.

One above refers to the order of condemnation dated January 21, 1953: two above refers to the report of the commissioners dated November 28, 1952; and three above to the decree sustaining the demurrer to the petition of appellant Williams which was dated February 18, 1953. The notice of appeal dated February 19, 1953 did not state to what court the appeal was intended to be taken. Notice of appeal by Williams was given to the other claimants of tract No. 13, and states that it was taken to the circuit court.

On February 18, 1953 the three Warren claimants filed notice of appeal from the decree of January 21, 1953.

On February 19, 1953 the probate court entered an order granting the appeal of W. T. Williams. On the same day the probate court made an order that the appeal of the three Warren claimants of tract No. 13 was granted. On October 21, 1953, Jefferson County filed in the circuit court a motion "to dismiss the appeals heretofore filed in said cause by the respondents separately and severally" for grounds stated in substance as follows:

1. That no appeal was taken or attempted to be perfected from the order or decree granting the petition.

2. That the duly appointed commissioners had on November 28, 1952 made their award of $4100.25.

3. That Jefferson County on January 21, 1953 paid in the probate court said sum of $4100.25.

4. That W. T. Williams filed a petition for an apportionment and distribution of funds among the parties pursuant to Title 19, section 26, Code, and the other claimants of tract No. 13 demurred to the petition of Williams. The probate court adjudged and determined said claim and proceeded to hear and determine the claims of the respondents under sections 26 and 27 of Title 19.

5. That following said determination of the claims to said fund respondents filed notice of appeal to the circuit court from the decree or order of condemnation rendered on said January 21, 1953 as to tract No. 13.

6. That the respondents waived their right to appeal from the decree of January 21, 1953 by filing said claim under sections 26 and 27, Title 19, and submitting to the jurisdiction of the court in regard to a distribution under the decree of January 21, 1953.

7. That if the appeals are from the decree under sections 26 and 27, supra, then the appeals are not perfected in the manner required by the statute and none of the respondents had deposited any security for costs of appeal. An appeal from a decree under sections 26 and 27, supra, would have to be perfected in the manner provided for appeals in the general appeal statutes from orders of the probate court and no such action was taken by any of the respondents.

On October 21, 1953 W. T. Williams demurred to that motion, and on the same day the court overruled the demurrer and dismissed his appeal to that court. There was then a trial by a jury on the appeal of the other claimants of tract No. 13 (including the two Terrell claimants who had not appealed), and the award of the commissioners was sustained. The amount of the damages and compensation for those five claimants of tract No. 13 was fixed at $4100.25, and the court thereupon granted the easement sought to be condemned.

Williams then moved the court to set aside the decree dismissing his appeal, also the verdict of the jury and judgment granting the condemnation and awarding damages to the other five claimants of tract No. 13. This motion was duly continued from time to time and finally on December 31, 1953 was overruled. On January 29, 1954 an appeal was taken to this court by W. T. Williams giving security for costs of appeal.

The assignments of error are:

1. The decree overruling appellant's demurrer to the motion to dismiss his appeal to the circuit court.

2. The decree dismissing said appeal.

3. Overruling his motion for a new trial.

■ With respect to the first assignment of error, it is sufficient to note that a demurrer to a motion to dismiss is inappropriate and a ruling on such a demurrer is not reviewable on appeal. Dulin v. Johnson, 216 Ala. 393 (10), 113 So. 397; Linn v. Linn, 242 Ala. 688, 8 So.2d 187; Scott v. Leigeber, 245 Ala. 583, 18 So.2d 275.

The second assignment of error presents the controversy between the parties on this appeal since the third assignment presents nothing new. As we have stated above the appeal taken by Williams to the circuit court was in the form of a notice that "he appeals from the following separately and severally":

1. The order of condemnation heretofore rendered. (We take that to mean the final decree of the probate court dated January 21, 1953, supra.)

2. The report of the commissioners heretofore rendered herein. (That report is not subject to appeal. So that it may be cast aside without further consideration.)

3. The decree dated February 18, 1953 sustaining demurrer to his petition for apportionment.

■ On February 18, 1953 an appeal to the circuit court was taken by the three Warren claimants from the decree of the probate court entered on January 21, 1953. That appeal had the effect of causing a trial to be had de novo in the circuit court under section 17, Title 19, Code, and that trial was for the purpose of determining whether or not an order was proper to grant the application for condemnation under section 7, Title 19, Code, and also for the purpose of fixing the amount of just compensation to be ascertained and assessed. That appeal necessarily completely vacated the decree which had been rendered by the probate court on January 21, 1953, and that included all proceedings thereafter had upon the basis of the continuing existence of that decree, which means that any proceeding in the probate court for a distribution of the funds under section 26, Title 19 was withdrawn from the probate court and became invested in the circuit court. City of Birmingham v. Hudson, 222 Ala. 332, 132 So. 1.

We revert to the inquiry of whether the judgment of the circuit court dismissing the appeal taken by W. T. Williams to that court is reversible error on the appeal of said Williams to this Court.

■ The first ground of the motion to dismiss is based on the fact that no appeal was taken from the preliminary order granting the petition to condemn and appointing commissioners. Section 7, Title 19, Code. Appellee cites in support of that ground of the motion some old decisions which were based upon that statute, but at a time when it in express terms provided for an appeal from that order. After those decisions the statute was amended so as to eliminate the provision for an appeal. Since then an appeal is not available from such an order. But under section 17, Title 19 an appeal to the circuit court is provided for from an order of condemnation, when the trial will be de novo, and when the court will review, if desired, the preliminary order made under section 7, supra. Mobile & B. R. Co. v. Louisville & N. R. Co., 192 Ala. 136, 68 So. 905; City of Birmingham v. Brown, 241 Ala. 203, 2 So. 2d 305; Denson v. Board of Trustees of University, 247 Ala. 257, 23 So.2d 714; State ex rel. Burns v. Phillips, 250 Ala. 120, 33 So.2d 239. The motion to dismiss cannot be sustained on that ground.

The second and third grounds of the motion seem to need no discussion.

The fourth ground of the motion goes to the theory that W. T. Williams filed a petition for an apportionment of the compensation as he was authorized to do by sections 26 and 27, Title 19 Code, and that the other claimants of tract No. 13 demurred to the petition of Williams for apportionment, and the probate court proceeded with an adjudication of the claims for a division of the award and to hear and determine the claims of the respond-

ents (who were the claimants of said tract No. 13) under sections 26 and 27, Title 19. (On that hearing the petition of Williams was denied.)

The fifth ground of the motion avers that following the judicial determination of the claims to said fund by the probate court under sections 26 and 27, the said respondents filed notice of appeal to the circuit court from the decree or order of condemnation made January 21, 1953 as to tract No. 13.

For the sixth ground the motion alleged the said respondents waived their right of appeal to the circuit court from said decree of January 21, 1953 by filing their claim under sections 26 and 27 to the funds paid into the probate court by the court and submitting to the jurisdiction of that court in regard to said distribution.

For the seventh ground the motion proceeds to aver that if the appeals were taken from the decree authorized by sections 26 and 27, supra, then said appeals are not perfected in the manner required by statute, and none of them deposited any security for costs of appeal and that no appeal from a decree under sections 26 and 27 was perfected as required by the general appeal statute as to the probate court.

The circuit court made no order on said motion in so far as it applies to the three Warren claimants, who had taken an appeal the same as Williams. The motion was directed to the appeals theretofore filed by the respondents separately and severally, and purported to include the Warren claimants. It does not appear that the Warren claimants had made a motion for a distribution under sections 26 and 27, supra. So that those averments of the motion did not apply to them. The Terrell claimants had not appealed nor moved for a distribution. The court then immediately, on on the same day, made an order by consent of the parties (this does not include Williams because his appeal had been dismissed, but it did include the two Terrells although they had not appealed), granted the condemnation, and empaneled a jury

to assess the damages and compensation. A verdict was returned fixing the same amount as that made by the commissioners and including in the verdict the three Warren and two Terrell claimants, but not Williams. If there has been a distribution of the fund among the claimants, it does not appear.

The insistence made in argument is that by moving for a distribution under sections 26 and 27, supra, though no distribution was made and his motion denied, Williams was estopped to take an appeal subsequently sought from the final decree of condemnation under sections 16 and 17, Title 19. The petition for distribution was filed February 18, 1953. A demurrer to it by the three Warren claimants was filed the same day. It was on that day sustained and the petition denied, and on the same day the Warren claimants took this appeal. On the next day, the 19th of February, 1953, the appeal was taken by Williams, and on that day said appeal was noted by the probate court and that a demand for a jury was made, and his appeal granted and notice of appeal was given. By a separate order the court granted the appeal by the three Warren claimants taken on February 18, 1953.

■ Appellee contends that the petition of Williams for a distribution under sections 26 and 27, supra, is a conclusive admission that the judgment is not subject to be reviewed on appeal by him, although said petition was denied. It is true that if the petition of Williams had been granted and he had accepted a portion of the compensation awarded, he could not maintain an appeal. But it is not the assertion of a claim under the judgment which estops one, but it is the acceptance of benefits flowing from it which has that effect. Grief Bros. Cooperage Corp. v. Stacey, 257 Ala. 196, 58 So.2d 122; Tarleton v. Goldthwaite's Heirs, 23 Ala. 346; Bradford v. Bush, 10 Ala. 274; 30 C.J.S., Eminent Domain, §§ 412 note 97, 345, pp. 140, 25; 49 C.J.S., Judgments, § 284, p. 512; 19 Am.Jur. 689, note 18; Stehli v. Thompson, 151 Fla. 566, 10 So.2d 123; Borah Drainage Dist. v. Ankenbrand, 277 Ill. 132, 115 N.E. 112; Winslow v. Bal-

timore & O. R. Co., 208 U.S. 59, 28 S.Ct. 190, 191, 52 L.Ed. 388; Holland v. Spell, 144 Ind. 561, 42 N.E. 1014, 1015; Test v. Larsh, 76 Ind. 452; Chicago Great Western R. Co. v. Kemper, 256 Mo. 279, 166 S.W. 291.

■■ It is immaterial whether the reasoning be expressly based on the principle of estoppel or election of remedies. They are based on the same theory. An election is not conclusive by the beginning of a suit inconsistent with another remedy. To be so, it must result favorably to the complaining party who must accept at least some of its benefits. Sovereign Camp, W.O.W., v. Feltman, 232 Ala. 570, 169 So. 9; Todd v. Interstate Mortgage & Bond Co., 196 Ala. 169(7), 71 So. 661; Register v. Carmichael, 169 Ala. 588, 53 So. 799, 34 L.R.A.,N.S., 309. And if during the pendency of a petition based on the validity of a judgment the petitioning party appeals from the judgment involved or takes other steps inconsistent with it, the first petition is treated as having been waived. Howison v. Baird, 138 Ala. 129, 35 So. 62; Winn v. Dillard, 60 Ala. 369.

The appeal taken by the Warren claimants and also that by Williams were in compliance with section 17, Title 19, Code. It provides that "Any of the parties may appeal from the order of condemnation to the circuit court of the county within thirty days", etc., "the trial shall be de novo, and it shall be necessary to send up the proceedings only as to the parties appearing or against whom an appeal is taken". With respect to appeals generally it was held prior to Code section 804, Title 7, that an appeal had to be taken in the name of all the parties against whom the judgment was rendered. This could be done by one of the defendants, but in the name of all of them. The court would then on motion order a summons to those not joining to appear and unite in the appeal if desirable and assign errors separately. Walsh v. Hill, 169 Ala. 410, 53 So. 746; Deslonde v. Carter, 28 Ala. 541; Moore v. McGuire, 26 Ala. 461; Savage v. Walsh, 24 Ala. 293. Section 804, supra, makes certain changes when an appeal is taken to this court.

■ The appeal here pursued to the circuit court from the probate court is under section 17, Title 19, and is not in any respect controlled by section 804, Title 7. So that this appeal is to be controlled by applicable principles existing without it. That is, that an appeal not affected by that statute must be taken to the circuit court in the name of all the parties against whom a judgment is rendered. When this is done those not appealing may join in the appeal or give notice of a desire not to do so. Here the Warren claimants appealed, as we have noted, on February 18, 1953, without using the names of all the claimants of tract No. 13. The Terrells came in and joined. Williams tried to do so by giving notice of appeal. This was first allowed and he became a party to the appeal and then his appeal was dismissed on motion. A condemnation as to each tract named in the petition is a separate unit. The claimants are parties in that unit only, not in the others. The controversy as to that tract affects all the claimants jointly. It could not be split up into a trial for each claimant separately. 30 C.J.S., Eminent Domain, § 356, p. 39, note 62. The award is joint. Appeal by any of the parties, section 17, supra, means the parties to any tract. It is necessary for all claimants of a tract to be made parties. 30 C.J.S., Eminent Domain, § 356, p. 39, note 45. Williams was one and made so on the petition of the county seeking condemnation. The fact that he has only a leasehold interest does not affect the necessity of his being a party. 29 C.J.S., Eminent Domain, § 277, p. 1279, note 10; 18 Am.Jur. 865, section 232. The question to be determined would be the value of his leasehold interest which is taken in the proceeding. That amount should be awarded to him when the fund is distributed and deducted from the share of his landlord. Matter which is defensive to his petition should be asserted as such, not by a demurrer.

84

That distribution cannot of course be made until there is a final order of condemnation and the amount of the compensation fixed. It is not within the province of the jury on appeal in the circuit court to make distribution of the award among the several claimants of the tract. It is there tried de novo including of course the power to make distribution as is authorized in the probate court by sections 26 and 27, Title 19, Code. City of Birmingham v. Hudson, supra. If there is pending a petition for distribution when an appeal is taken to the circuit court, that petition goes to that court with the main proceeding to be there determined after the order of condemnation is made and the amount of compensation fixed in the circuit court. When a petition for distribution has been acted on in the probate court before an appeal is taken, the appeal necessarily vacates such action. And when the final decree in the probate court is set aside that carries with it all ancillary proceedings. The distribution by the circuit court must be predicated upon a judgment in that court.

The judgment of the circuit court dismissing the appeal by appellant, W. T. Williams, and ordering a recovery of the amount of compensation which has been paid into court by the three Warrens (naming them) and the two Terrells (naming them) should be reversed and a judgment rendered overruling the motion of appellee to dismiss the appeal to the circuit court by W. T. Williams, so as to allow him to be heard on his petition in that court for a share of the fund fixed as just compensation, and for that purpose the cause should be remanded.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.