(No. 10647.—Demurrer to plea overruled.)

THE BORAH DRAINAGE DISTRICT, Defendant in Error, *vs.* MICHAEL ANKENBRAND *et al.* Plaintiffs in Error.

*Opinion filed February 21, 1917.*

1. DRAINAGE—*acceptance of money for land taken is a release of error in declaring district organized.* The acceptance by land owners in a levee drainage district of the sums of money awarded to them as damages for land taken for right of way for ditches operates as a release of error in the order of the court declaring the district organized.

2. SAME—*when payment of interest on an assessment is not a release of errors.* The fact that land owners in a levee drainage district have voluntarily paid the interest due on their respective assessments does not amount to a release of error in the order declaring the district organized even though they appeared and participated in the proceeding to assess benefits, in which the court ordered the assessment to be paid in installments.

3. SAME—*introducing evidence on question of benefits is not a release of errors.* The fact that land owners in a levee drainage district appear in the proceeding to assess benefits and introduce evidence touching that question does not amount to a release of their right to review, on writ of error, the order of the court declaring the district organized even though the court confirmed an assessment to be paid in installments, pursuant to which order contracts were let and a large part of the work completed and paid for out of a sale of bonds, where there is nothing to show that the land owners did anything to induce such action.

4. SAME—*when signing a petition does not bar right to review order organizing district.* Signing a petition for the organization

of a drainage district and the construction of drainage ditches does not bar the right to review an order which does not organize the district as prayed for in the petition but organizes another district with different boundaries.

5. SAME—*mere delay in suing out writ of error is not a bar to the writ.* Mere delay, short of the statutory period of three years, in suing out a writ of error to review a proceeding to organize a drainage district is not a bar to the right to sue out the writ in the absence of any element of estoppel.

6. SAME—*what cannot be made the basis of a plea of release of errors.* A plea of release of errors cannot be based upon facts which existed before the alleged errors were committed.

WRIT OF ERROR to the County Court of Wayne county; the Hon. VIRGIL W. MILLS, Judge, presiding.

WILLIAM T. BONHAM, for plaintiffs in error.

THOMAS H. CREIGHTON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The order of the county court of Wayne county declaring the Borah Drainage District organized was reversed at the October term, 1913. (*Borah Drainage District* v. *Ankenbrand,* 260 Ill. 335.) Upon the re-instatement of the cause in the county court such action was taken as resulted in an order entered at the May term, 1914, declaring the district organized. An assessment roll of benefits and damages was confirmed on September 7, 1914. Some of the land owners have sued out a writ of error to review the record.

The defendant in error has filed four pleas in bar of the writ and the cause has been submitted upon demurrer to these pleas. The first plea applied only to Mary E. Bean, Ed McDowell, E. L. Ellis, J. P. Gillison and Grant Witter, five of the plaintiffs in error, and alleges that they should be barred from maintaining the writ of error for the reason that in the assessment of benefits and damages

a judgment was rendered in their favor for certain amounts of money as damages for land taken from them, respectively, for right of way for the ditches of the district, and that afterward the defendant in error, from the proceeds of bonds payable out of the assessment of benefits, paid the amount of damages so assessed in favor of the said plaintiffs in error, respectively, which payments were voluntarily received by the parties in full payment of the amounts due them for right of way, and thereby all errors in the proceedings were released so far as they might affect the said plaintiffs in error. If a party to a judgment or decree accepts the benefits conferred upon him by the judgment or decree such acceptance operates as a release of errors. (*Langher* v. *Glos,* 276 Ill. 342.) This principle applies in the present case. It would be contrary to justice for the plaintiffs in error to receive the sums of money found due them as a result of the judgment and at the same time prosecute a writ of error to reverse it.

The second plea applies to the plaintiffs in error August Lass, Clara Ellis and Mary E. Bean, and alleges that in the assessment of benefits, of which the said plaintiffs in error had notice and in which they appeared and participated, the county court ordered the assessments to be paid in ten equal annual installments, the first payable on January 1, 1916, each installment drawing interest at the rate of six per cent per annum from September 7, 1914, and that after January 1, 1916, the said plaintiffs in error voluntarily paid the amount of interest due on the respective assessments against their lands and thereby released all errors in the proceedings. In *People* v. *LeTempt, 272* Ill. 586, it was held that the payment of an installment of interest did not raise an estoppel against the land owners' right to object to judgment for another installment on the ground that the assessment exceeds the benefits to their lands. Neither does it operate to release errors in the proceedings. It has no element of estoppel. While the acceptance of the bene-

fit of a judgment operates to release errors in the record, the payment of a judgment, whether voluntary or involuntary, does not do so.   *Lott* v. *Davis,* 262 Ill. 148.

The third plea alleged that all the plaintiffs in error appeared in the proceeding for the assessment of benefits, gave testimony and introduced evidence in regard to the benefits to their respective lands by the construction of the proposed ditches, and the county court on September 7, 1914, rendered judgment confirming the assessment of benefits to the aggregate amount of $66,000, which was ordered paid in ten equal annual installments, beginning on January 1, 1920, and the defendant in error issued its bonds of the par value of $59,000, payable out of the said ten installments of said assessment and sold such bonds for $59,147.50, all of which are still outstanding, and afterward, on February 8, 1915, entered into a contract for the excavation and construction of the proposed drainage ditches, and the contractors have, pursuant to the terms of their contract, excavated and constructed a large portion of the work, for which the defendant in error has paid them a large amount of money out of the proceeds of the sale of the bonds, of all which things the plaintiffs in error had notice, by means whereof they have released all errors in the record.   There is no averment that the plaintiffs in error, or any of them, did anything to induce any person to purchase bonds or enter into a contract for the performance of the work.   It is only averred that the drainage district, relying upon the judgment of the court, offered its bonds for sale and sold them and contracted for the doing of the work.   The plaintiffs in error did nothing to lead the commissioners of the drainage district, the purchaser of the bonds or the contractors to suppose that they would not pursue the remedies which the law authorized to relieve themselves from the burden of the assessment.   The writ of error is authorized by law and the time within which it may be sued out is limited to three years, and so long as the plaintiffs in error

did no act to mislead, they were entitled to the full period of three years within which to sue out the writ.

The fourth plea concerned only the plaintiffs in error Michael Ankenbrand and August Lass, and averred that they had signed the petition praying for the organization of the drainage district and the construction of the drainage ditches, and that the report of the commissioners and order of the county court declaring the district organized were made pursuant to the prayer of that petition, by means whereof they had released all errors in the proceedings. This plea is not a release of errors, because the facts on which it is based existed before the errors, if any, were committed, but the principle on which the plea is based is, that one who applies to a court and obtains the relief he asks for is not entitled to have the record reviewed. The principle does not apply in this case because the petitioners did not get what they asked for. The petition filed asked for the organization of a district and the construction of a system of drainage including lands lying in different watersheds, and such a district was organized by the order of the court which was reversed on the former writ of error. The order now under consideration did not establish the district prayed for in the petition but another district with different boundaries, and the plea shows no reason why the petitioners should not have the judgment of the court on their petition reviewed.

The demurrer to the first plea will be overruled and the judgment will be affirmed as to the five plaintiffs in error to whom that plea applies and the demurrers to the other pleas will be sustained.

*Demurrer to first plea overruled;*
*other demurrers sustained.*