(No. 10647.—Reversed and remanded.)

THE BORAH DRAINAGE DISTRICT, Defendant in Error, *vs.* MICHAEL ANKENBRAND *et al.* Plaintiffs in Error.

*Opinion filed June 21, 1917—Rehearing denied October 3, 1917.*

1. DRAINAGE—*when it is not error to refuse leave to withdraw names from the petition.* Under section 4 of the Levee act it is not error for the court to refuse to allow a petitioner to withdraw his name from a petition for the organization of a drainage district where he does not have the consent of a majority of the other petitioners or where the signature of the petitioner was not obtained by fraud or misrepresentation.

2. SAME—*petition for organization of district must be sufficient before it can be submitted to commissioners.* The petition for the organization of a drainage district under the Levee act must contain a sufficient description of the proposed work before it can be submitted to the commissioners, and where the Supreme Court has decided that a petition does not sufficiently describe the proposed work and has remanded the cause for further proceedings, the petition, unless amended to remedy its defects, should be dismissed as to the lands involved on the appeal and not be referred back to the commissioners.

WRIT OF ERROR to the County Court of Wayne county; the Hon. VIRGIL W. MILLS, Judge, presiding.

WILLIAM T. BONHAM, for plaintiffs in error.

THOMAS H. CREIGHTON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Wayne county entered an order declaring the Borah Drainage District established as provided by law. The present plaintiffs in error and other owners of

lands alleged to be located in a different watershed and improperly joined in the petition for the organization of a district sued out from this court a writ of error to reverse the order and assigned errors upon the record both as to the organization of the district and as to the inclusion of the lands of the other owners. It was found that the petition included in the proposed drainage district lands located in different watersheds; that the purpose of organizing the district was to provide for the drainage of lands in the Elm river bottoms, that river being a tributary of the Wabash river, but in addition to furnishing drainage to lands in the Elm river bottoms the petition proposed the construction of two additional ditches having no connection with the main ditch or any other ditch of the district, to empty into the Wabash river at points one and two miles up-stream from the point where the main ditch was to empty into that river, for the purpose of draining a small territory of land separated from the Elm river bottoms by Shelton ridge; that Shelton ridge lay between Elm river and the proposed lateral drain No. 2, and another ridge known as Endsley ridge lay between lateral drain No. 1 and lateral No. 2; that Shelton ridge would prevent the waters from Elm river and its tributaries from flowing upon the lands drained by lateral No. 2, and that the waters of Elm river never reached the lands to be drained by lateral No. 1. The lands being in different watersheds and requiring independent systems of drainage, which were, in fact, provided for by the petition, and such a scheme not being authorized by the statute, it was held that the court should have sustained the objections of those plaintiffs in error who owned lands east of the Shelton ridge. Those owners, however, were not all of the plaintiffs in error, and upon other errors assigned it was held that the petition was insufficient for a failure to specify whether the proposed lateral No. 2 was to be an open ditch or a tile ditch, upon the authority of *Tennessee Drainage District* v. *Moye,* 258 Ill. 296. The order of the

county court was reversed and the cause was remanded for further proceedings in conformity with the opinion then filed. (*Borah Drainage District* v. *Ankenbrand,* 260 Ill. 335.) The cause being re-instated in the county court, the plaintiffs in error moved the court to dismiss the petition, but the court denied the motion and entered an order vacating the former order and referring the petition back to the commissioners, with directions to exclude from the district all lands lying east of Shelton ridge "owned by any of said objectors and to so modify their report as to make it conform to these directions." The record recites that nine of the petitioners then asked to withdraw their names from the petition, which the court refused to permit. Section 4 of the Levee act provides that no petitioner shall have a right to withdraw from a petition except by the consent of the majority of the other petitioners thereon or where the signature of the petitioner is obtained by fraud or misrepresentation, and it was decided on the former writ of error that signatures were not obtained by fraud and misrepresentation, which is conclusive of the fact on this writ of error. The court did not err in refusing leave to withdraw names from the petition. (*Wayne City Drainage District* v. *Boggs,* 262 Ill. 338.) The commissioners modified their report by striking out the lands east of Shelton ridge and also two ditches designated as "main line No. 2" and "main line No. 3," and added a ditch known as "Owens branch lateral." At the May term, 1914, there was a hearing on the report, and the plaintiffs in error again moved to dismiss the petition, and the motion was overruled. The commissioners then asked to amend their report, and leave being given, the report was further amended, and was confirmed in an order finding that the signers of the petition represented more than one-third of the adult land owners owning lands within the boundaries of the district as fixed by the modified and amended report and that they owned more than one-half of the lands. The court thereupon declared

the district duly established as provided by law, and a writ of error was sued out of this court to reverse that judgment. The defendant in error filed four pleas in bar of the writ, and the plaintiffs in error demurred to the pleas. The demurrer to the first plea was overruled and the judgment affirmed as to Mary E. Bean, Ed McDowell, E. L. Ellis, J. P. Gillison and Grant Witter, and the demurrers to the other pleas were sustained. (*Borah Drainage District* v. *Ankenbrand,* 277 Ill. 132.) The defendant in error then joined in the errors assigned by the remaining plaintiffs in error and the cause was submitted for decision on the record.

The argument in support of the order is, that the previous order establishing the drainage district was reversed only as to the owners of lands east of Shelton ridge, in a different watershed; that the judgment of this court reversing the order and remanding the cause for further proceedings in conformity with the views expressed in the opinion filed was complied with by referring the report back to the commissioners, with directions to strike out all the lands lying east of Shelton ridge belonging to a part of the plaintiffs in error. in that suit. The owners of lands lying east of Shelton ridge had joined with the present plaintiffs in error in the writ to review the order including their lands, and their lands being eliminated, they are not parties to this writ of error. The county court adopted the view of the counsel for the defendant in error and treated the decision of this court as an affirmance of the order so far as the present plaintiffs in error are concerned and a reversal as to the owners of lands east of Shelton ridge, which was not in accordance with the opinion of this court. The record was not found to be free from error, except in the inclusion of lands east of Shelton ridge, but it was decided that the petition was insufficient for a failure to specify whether lateral No. 2 was to be an open ditch or a tile ditch, and the reversal of the order was complete. Whatever view the court may have subsequently entertained

as to the sufficiency of such a description of a ditch, the decision was the law of this case and the court was bound to follow it. (2 R. C. L. 223.) When the cause was remanded for further proceedings in conformity with the opinion, every question there settled became the law of the case and the county court was bound to treat the petition as being insufficient. The petition was not changed or amended in any particular, although section 4 of the Levee act requires the court to permit the petition to be amended on the application of the petitioners, and it necessarily follows that the court erred in holding the petition sufficient for the organization of the district. It is true that when a sufficient petition is filed and the matter is referred to commissioners they are not confined to the plan or extent of the proposed district and the boundaries adopted and reported by the commissioners may be altered by the court in such manner as may appear to be just, but there must be a petition not subject to any objection made against it before the scheme or plan proposed by it can be submitted to commissioners. The question is not whether the petition was sufficient to give the court jurisdiction so as to render the order immune from collateral attack, but is whether it was sufficiently specific in the description of the proposed work, and this question had been finally and conclusively decided by this court. The petition not having been amended is the same now as it was when it was decided to be insufficient, and the court erred in not sustaining the motion to dismiss it. Unless the petition shall be amended to conform to the opinion of this court on the former appeal it will be the duty of the court to dismiss it as to the lands of plaintiffs in error.

The order is reversed and the cause remanded.

*Reversed and remanded.*