(No. 12404.—Judgment affirmed.)

THE PEOPLE *ex rel.* E. D. Freshwater, County Collector, Appellant, *vs.* C. E. BONHAM *et al.* Appellees.

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

1. DRAINAGE—*an assessment cannot be sustained if there is no judgment organizing the district.* Where a judgment organizing a drainage district is reversed because the petition had not been amended to conform to the directions of the Supreme Court when remanding the cause on reversal of the original judgment of organization, the mere amendment of the petition *nunc pro tunc* as of the day it was filed does not revive the judgment of organization, and if no new judgment of organization is entered the assessment levied and confirmed in the original proceeding cannot be sustained.

2. SAME—*when judgment of confirmation is not free from collateral attack.* Even though a writ of error in a drainage proceeding brought up not only the order of organization but also the judgment confirming the assessment, if the only errors assigned and considered by the Supreme Court related to the judgment organizing the district, which was reversed, the judgment of confirmation cannot be said to be free from collateral attack, but it may be shown on a subsequent application for judgment and order of sale that there was no judgment organizing the district.

APPEAL from the County Court of Wayne county; the Hon. PETER C. WALTERS, Judge, presiding.

KRAFT, KRAFT & ERSKINE, (F. WM. KRAFT, of counsel,) for appellant.

WILLIAM T. BONHAM, and RICHARD L. BOGGS, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The Borah Drainage District in Wayne county was organized under the Levee act in 1911 and has been the subject of considerable litigation. An assessment was levied and confirmed against the lands of the district. The assessment was divided into installments, and at the June term, 1918, of the county court of Wayne county the county collector applied for judgment against the lands of owners who had failed or refused to pay the assessment. Objections to judgment by the land owners were sustained and judgment refused, from which action this appeal is prosecuted.

It appears that after the assessment was confirmed bonds were issued and sold to raise the money to do the work in the district, and the bondholders are really the beneficial parties appellant.

On March 11, 1911, a petition was filed in the county court of Wayne county for the organization of the Borah Drainage District under the Levee act. Judgment of organization was subsequently entered, from which judgment several land owners in the proposed district perfected an appeal to this court. The judgment of the county court was reversed on the ground that the district as proposed embraced land lying in two different watersheds and also because one of the laterals in the proposed system was not properly described in the petition. The cause was remanded for further proceedings in conformity with the views expressed in the opinion. (*Borah Drainage District* v. *Ankenbrand,* 260 Ill. 335.) Thereafter the mandate of the court was filed and the cause re-instated in the county court. A motion was then made by those opposing the organization of the district, to dismiss the petition. This motion was overruled and the county court entered an order referring the petition back to the commissioners, with directions to exclude from the district lands lying east of Shelton

ridge, which were in a different watershed from the other lands in the proposed district, and modify their report so as to make it conform to those directions. The commissioners modified their report by striking out the lands and ditches east of Shelton ridge, and the objectors again moved to dismiss the petition. The motion was overruled, the report further amended, and as amended it was confirmed and a judgment entered declaring the district duly organized. A writ of error was later sued out of this court to reverse that judgment. The petition had never been amended to conform to the decision of this court in 260 Ill., and it was held when it was before us the second time (*Borah Drainage District* v. *Ankenbrand,* 279 Ill. 488,) that the entry of the judgment of organization without amending the petition to conform to the views expressed by this court in its first opinion was erroneous; that the decision in that case was the law of the case and the county court was bound to treat the petition as insufficient. The court said: "The petition not having been amended is the same now as it was when it was decided to be insufficient, and the court erred in not sustaining the motion to dismiss it. Unless the petition shall be amended to conform to the opinion of this court on the former appeal it will be the duty of the court to dismiss it as to the lands of plaintiffs in error."

After the second judgment of organization was entered, in May, 1914, and before the writ of error was sued out in the case reported in 279 Ill., the assessment of the lands in the district was levied and confirmed by judgment entered in August, 1914. The writ of error in the case reported in 279 Ill. brought up for review the entire record of the proceedings in the county court, including both the judgment of organization and the confirmation of the assessment. (*Drummer Creek Drainage District* v. *Roth,* 244 Ill. 68.) The only errors assigned, however, questioned the validity of the judgment of organization, and

only that judgment was reviewed and reversed by this court. The judgment of confirmation of the assessment was not referred to in the assignment of errors nor in our opinion. Before the mandate of this court reversing the second judgment of organization was filed in the county court or any proceedings had pursuant thereto, the commissioners of the drainage district moved the court for leave to amend the petition *nunc pro tunc* as of the day it was filed, March 11, 1911. A hearing was had on the motion, it was allowed and the petition amended, supposedly to conform to the views expressed in the opinions of this court. That, so far as we understand the record, is all that was ever done. No order or judgment of organization under the amended petition was ever entered. The case therefore presents the anomalous situation of a proceeding to collect an installment of an assessment of lands in a district where there is no judgment declaring said lands organized into a drainage district.

Appellant contends that the judgment confirming the assessment has never been reversed and remains in full force and effect and is not subject to attack in this collateral proceeding, on the ground that there is no judgment declaring the district organized. In support of this contention it is argued that the judgment of organization was reversed, not because it was void but because it was erroneous; that the judgment of confirmation of the assessment might have been reversed if its validity had been questioned by plaintiffs in error in the case reported in 279 Ill., but having failed to question its validity in that case plaintiffs in error waived any right to complain of its validity now.

In our opinion the well settled rule that where a court has jurisdiction of the subject matter and of the parties its judgments, although erroneously entered, cannot be attacked collaterally but must be reversed or annulled in a direct proceeding for that purpose, is not applicable. Where a court has no jurisdiction to render a judgment its judg-

ment is void,—in fact is no judgment and may be attacked collaterally. Here there is no judgment organizing the district. If there was a judgment of organization entered by a court without jurisdiction to render a judgment it could be shown in defense of this application for judgment. Here it is not shown that there was a void judgment of organization but that there is no judgment whatever declaring a drainage district organized. It would seem if a void judgment may be shown in defense of the application for the assessment it may be shown that there is no judgment whatever. When this court reversed the judgment of organization in 279 Ill. that judgment was completely annulled and set aside, and there was no Borah Drainage District in existence until the cause had been re-instated under the mandate of this court, the petition amended and a judgment rendered declaring the district organized. (*Ure* v. *Ure,* 223 Ill. 454; *Coalfield Coal Co.* v. *Peck,* 105 id. 529.) It may be if that had been done it would have been the duty of the county court to render judgment against the lands for the assessment. The mere amendment to the petition was not sufficient, but there should have been a judgment, pursuant to the amended petition, declaring the district duly organized. It was not sufficient that the petition had been so amended as to authorize a judgment of organization. The former judgment having been annulled and set aside the district was without legal existence until another judgment declaring it organized had been entered. No such judgment has ever been entered so far as this record shows, and we cannot sustain an assessment against lands included in a drainage district where there is no judgment declaring the district organized.

The judgment of the county court is affirmed.

*Judgment affirmed.*