(No. 12956.—Judgment affirmed.)

THE BORAH DRAINAGE DISTRICT, Appellant, *vs.* JEFFERSON FARRIS *et al.* Appellees.

*Opinion filed December 17, 1919—Rehearing denied Feb. 5, 1920.*

DRAINAGE—*when procedure under sections 60 and 61 of Levee act is unavailing.* Where the Supreme Court has held, on appeal from a judgment and order of sale for a levee drainage assessment, that there is no order organizing the district, then as to the land owners appealing there is no district, and proceedings cannot be had under sections 60 and 61 of the Levee act to bring their lands into the district and have the previous assessments declared valid or new assessments made.

APPEAL from the County Court of Wayne county; the Hon. EUGENE M. PEAVIER, Judge, presiding.

THOMAS H. CREIGHTON, and KRAFT, KRAFT & ERSKINE, for appellant.

RICHARD L. BOGGS, and WILLIAM T. BONHAM, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This case has been before this court on four former occasions, (*Borah Drainage District* v. *Ankenbrand,* 260 Ill. 335, 277 id. 132, 279 id. 488, and *People* v. *Bonham,* 286 id. 286,) and reference is made to the opinions heretofore filed for a more complete statement of the case.

The question at issue in this cause and now before us pertains to the sufficiency, in law, of a petition presented to the county court of Wayne county by the commissioners of Borah Drainage District under sections 60 and 61 of the Levee act. The petition, after setting out in considerable detail all the history of the Borah Drainage District, concludes as follows: "And your petitioners now further show that by virtue of said decisions and the orders

of the Supreme Court of Illinois that the said proceedings
for the organization of Borah Drainage District and the
order of this court of May 4, 1914, establishing the same,
are invalid as to the persons and lands hereinafter named
and described, and that the assessments of damages and
benefits heretofore made as to the lands hereinafter de-
scribed are not now enforcible by reason thereof. [Here
follow names of the persons interested and description of
the lands involved.] Your petitioners now therefore make
this their petition to this honorable court under sections 60
and 61 of said Levee act against the said owners of land
above named, and for the purposes and benefits thereof
said sections are now hereby made a part hereof as though
fully set forth herein, and pray that the said lands herein
above described may be made a part of Borah Drainage
District, and that the organization thereof, with the boun-
daries established as aforesaid, may be made and declared
valid as to each and all of said tracts of lands; that the
assessments of benefits made as aforesaid shall not be lost
to Borah Drainage District, but that the said assessments
heretofore levied, assessed and made a lien upon said lands
as aforesaid may be made and declared enforcible and valid
against said several tracts of land, or that new assessments
may be now made in favor of or against the said lands,
all as the case may be, as shall seem meet to your honor,
that equity, justice and the provisions of the Levee act shall
require." To this petition appellees filed their answer, de-
nying, among other things, that there is now, or ever has
been, any Borah Drainage District organized. The court,
after a consideration of the petition, the answer and the
records and files in the cause, found that the petition was
improper and insufficient, and that it showed on its face
that the said commissioners were not entitled, in law, to
the relief prayed for or to any relief, and entered an or-
der dismissing the petition, from which order appellant
prayed and perfected this appeal.

This court held in *People* v. *Bonham, supra,* that there is no judgment declaring the Borah Drainage District organized into a drainage district, and that, so far as these owners and their lands are concerned, there is no Borah Drainage District. There being no district, none can be organized by the procedure here attempted under said sections 60 and 61.

The county court properly dismissed the petition and denied the relief sought, and its judgment is therefore affirmed.

*Judgment affirmed.*