(No. 14205.—Reversed and remanded.)

THE PEOPLE *ex rel.* J. L. Matthews, County Collector, Appellant, *vs.* LEWIS SHANNON *et al.* Appellees.

*Opinion filed February 22, 1922.*

1. DRAINAGE—*decision holding organization invalid applies only to land owners appealing.* A decision of the Supreme Court holding the organization of a drainage district invalid and setting aside the judgment of the county court is limited to the land owners bringing up the case for review and cannot be relied upon by other land owners as being *res judicata* of the question when judgment against their land for a delinquent assessment is sought by the county collector. (*People* v. *Bonham,* 286 Ill. 286, explained.)

2. SAME—*mere error in organization of a district cannot be availed of in a proceeding to collect assessment.* In a proceeding by the county collector to collect a delinquent assessment in a levee drainage district, if there is nothing in the record to show that the county court did not have jurisdiction to enter the judgment organizing the district, error in the exercise of such jurisdiction cannot be taken advantage of but can only be availed of by a direct proceeding to reverse the judgment of organization.

APPEAL from the County Court of Wayne county; the Hon. EUGENE M. PEAVLER, Judge, presiding.

CREIGHTON & THOMAS, and KRAFT, KRAFT & ERSKINE, for appellant.

E. B. GREEN, THEODORE G. RISLEY, and BEN H. TOWNSEND, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Wayne county denying judgment and order of sale of lands of appellees for a delinquent installment of a special assessment for a drainage tax made by Borah Drainage District. Appellees objected to the judgment on the ground that the assessment was void (1) because there was no judgment of the county court organizing Borah Drainage

District; (2) there was no valid judgment confirming the assessment against appellees' land; (3) that there was no such drainage district in existence as Borah Drainage District. The objections were sustained by the county court and judgment refused.

Borah Drainage District has been the subject of much litigation which has reached this court. (*Borah Drainage District* v. *Ankenbrand*, 260 Ill. 335; *Borah Drainage District* v. *Ankenbrand*, 277 id. 132; *Borah Drainage District* v. *Ankenbrand*, 279 id. 488; *People* v. *Bonham*, 286 id. 286; *Borah Drainage District* v. *Farris*, 291 id. 165.) The opinions of this court in some of the above mentioned cases were introduced in evidence, some of them by appellant (in addition to his *prima facie* case,) to sustain the claim of right to judgment, and the opinions in the two last mentioned were introduced and relied on by appellees. Proof was also offered by appellant showing who were the parties to the suits which were decided by this court.

The district was organized in 1911, and the judgment of organization was reversed on a writ of error sued out by certain land owners for the reason that certain lands had been improperly included in the district and that the petition did not properly describe one of the lateral ditches. The cause was remanded for further proceedings in conformity with the views expressed in the opinion. (*Borah Drainage District* v. *Ankenbrand*, 260 Ill. 335.) The cause was re-instated and the petition amended so as to not embrace in the district the land improperly included but no amendment was made as to the lateral ditch improperly described, and at its May term, 1914, the county court entered judgment declaring the district duly established and organized, and at the August term, 1914, confirmed the assessment roll of benefits and damages, and certain land owners sued out a writ of error from this court to review the judgment of organization. Defendant in error filed

four pleas in bar, one of which alleged five of the plaintiffs in error had, after the assessments of benefits and damages were confirmed, accepted certain amounts of money awarded them for right of way for ditches and had thereby released any errors in the proceedings so far as such errors might affect them. That plea was sustained and the judgment as to them affirmed. (*Borah Drainage District* v. *Ankenbrand,* 277 Ill. 132.) Demurrers to the other pleas were overruled and defendant in error joined in the assignment of error by the remaining plaintiffs in error, and the cause was submitted for decision on the record and disposed of by this court in *Borah Drainage District* v. *Ankenbrand,* 279 Ill. 488. The judgment of organization was reversed for the failure to amend the petition so as to describe the lateral ditch and the cause was remanded to the county court, with directions that if the petition was not amended in conformity with the former decision of this court to dismiss it as to the lands of plaintiffs in error. Before the writ of error was sued out to review the second judgment of organization the assessment had been confirmed, bonds issued and sold by the district and the proceeds expended in the construction of the work. At the June term, 1918, of the county court the collector applied for judgment against delinquent lands for an installment of the drainage assessment. Certain land owners objected to judgment, the objections were sustained, judgment refused and the collector appealed to this court. The decision of the case is reported in *People* v. *Bonham, supra,* and the judgment of the county court was affirmed. Subsequently the commissioners of the district filed a petition in the county court of Wayne county under sections 60 and 61 of the Levee act, in which they sought to bring into the district and subject to the assessment the lands of the owners who had escaped paying assessments under the previous decisions of this court. The county court dismissed the petition and the district prosecuted an appeal to this court, where the judg-

ment of the county court was affirmed. *Borah Drainage District* v. *Farris, supra.*

The opinions in the *Bonham case* and the *Farris case* were introduced in evidence by appellees and are principally relied on as sustaining the judgment of the county court. None of appellees were parties to those cases. The parties to them were land owners who had secured in this court the reversal of the judgment of the county court declaring the district duly organized, and the question now presented is whether this court did or could in the proceedings in those cases declare there was no Borah Drainage District as to all the land owners, or whether the decisions were limited only to the rights and interests of the parties before the court.

Appellant contends that an application for judgment and order of sale being collateral to the original proceeding organizing the district and confirming the assessment no attack can be made on those judgments which does not go to the jurisdiction of the court to enter them; that it does not appear from the face of the record that the county court was without jurisdiction to enter the judgment; and that as to all land owners except those who secured a reversal of the judgment of organization the district is valid and the land liable to assessment.

Appellees contend that the *Bonham case, supra,* was an application for judgment for an installment of the assessment confirmed in August, 1914, that this court held the assessment was illegal and void, and that case is *res judicata* of this case; also, that the judgment in the *Bonham case* reversed and annulled the judgment of organization of the district, and that applied to all the lands in the district, whether the owners were parties to the suit or not, and thereafter no land owner in the district was liable for the assessment because this court had declared there was no such organization in existence as Borah Drainage District.

In the *Bonham case, supra,* the land owners, including none of appellees, had secured a reversal of the judgment of organization, and it was contended that as the judgment confirming the assessment had never been reversed the validity of the assessment could not be attacked collaterally on the ground that there was no judgment declaring the district organized. We held that by the judgment of this court in the *Ankenbrand case,* 279 Ill. 488, the judgment of organization was reversed, annulled and set aside; that there was no such district in existence until the case had been re-instated, the petition amended and a judgment entered declaring the district organized, and for these reasons the county court had no jurisdiction to enter a judgment and order of sale against the lands of the owners objecting; and the same parties were before the court in the *Farris case, supra,* where the judgment of the county court dismissing the petition of the commissioners to subject the lands of the same parties to the assessment was affirmed. While the court did not say in the *Bonham case,* in terms, that the judgment applied to and affected only the parties to the suit, it is clear that the law so limited it, for the court would not have had the power or authority in that proceeding to annul the district absolutely as to all the land owners in it. Section 16 of the Levee act provides with reference to the order of the county court declaring the district organized: "Said order shall be final, and separate or joint appeals and writs of error may be taken to the Supreme Court by the parties affected thereby: *Provided,* the granting of an appeal or writ of error to one or more persons, or the reversal of said order upon such appeal or writ of error by such person or persons separately or jointly shall not impair nor invalidate said organization as to all other persons not appealing nor suing out such writs, nor shall such appeal or writ of error delay the work or proceedings so far as it affects the lands of such other persons." In *Lingle* v. *Clear Creek Drainage District,* 281

Ill. 511, the court said its former judgment reversing the judgment of organization affected only those land owners who had sued out the writ of error and secured the reversal; that as to all who were not plaintiffs in error in that suit the judgment of organization and order of the court establishing the district were in effect. In *Aldridge* v. *Matthews*, 257 Ill. 202, which involved the organization of a drainage district, the court said: "The General Assembly, in regulating writs of error, had power to provide that the reversal should not affect anyone who did not join in suing out the writ, and under the statutory provision the judgment on the writ of error was no evidence in favor of those who were not parties to the writ. That judgment established nothing as to those who were not parties in this court." In that case the record showed the county court had no jurisdiction to organize the district. (See, also, *People* v. *Leonard*, 279 Ill. 159.) It is true, the language in the opinion in the *Bonham case* does not expressly say the judgment of organization was reversed only as to the land owners who were parties to that suit and that other land owners in the district were not affected by the judgment, but however loose or careless the language used, under the law the court could not have declared the district did not exist except as to those who were parties to the suit and secured the reversal. It is to be regretted that the writer of the opinion did not explicitly state it applied only to those who were parties to the suit, but whether so stated or not, that is the law, and the court could not make that judgment apply to all the other land owners in the district and declare the district was non-existent as to them. The decision was correct as applied and limited to the land owners who were parties, for as to them the judgment of organization was annulled and set aside and the district did not exist, but its existence was not affected as to other land owners as to whom it had never been reversed or sought to be reversed. That the court so understood the decision

appears from the opinion in the *Farris case,* where it was said the *Bonham case* decided that "so far as these owners and their lands are concerned there is no Borah Drainage District." The existence of the district as to other land owners was recognized by this court by the affirmance of the judgment of confirmation against five of them in the *Ankenbrand case,* 277 Ill. 132.

There is nothing in this record to show that the county court did not have jurisdiction to enter the judgment of organization. The most that can be said is that it erred in the exercise of its jurisdiction. Advantage of such error cannot be taken in this proceeding. It could only be availed of by a direct proceeding to reverse the judgment. In a collateral proceeding such as this, want of jurisdiction to enter the judgment must appear on the face of the record. *People* v. *Omen,* 290 Ill. 59.

There is no basis for the application of the doctrine of *res judicata.* The land owners who are parties here were not parties in the *Bonham case* and the *Farris case.*

Appellees argue that because the proceeding was carried on in the name of the People of the State of Illinois in both suits they are identical, except that they involved different installments of the same assessment. Because one of the parties was the same in both suits does not afford any basis to apply the doctrine of *res judicata.* Because one land owner succeeds in getting his objections to judgment for an assessment sustained for some error in the proceeding does not bar a proceeding against another land owner for judgment against his land. As to these appellees Borah Drainage District exists, and they have shown no reason why judgment should not be rendered against their lands for the assessment.

The judgment of the county court is reversed and the cause remanded, with directions to enter judgment and order of sale.      *Reversed and remanded, with directions.*