---

(No. 14310.—Judgment affirmed.)
THE PEOPLE *ex rel.* John Cunningham *et al.* Appellants, *vs.* JAMES R. CREWS *et al.* Appellees.

*Opinion filed February 22, 1922.*

DRAINAGE—*when judgment of confirmation is not void because reversed as to certain land owners.*   Where a judgment of confirmation in the organization of a drainage district is reversed as to certain land owners on a writ of error prosecuted by them because the petition had not been amended to conform to an opinion of the Supreme Court reversing a former judgment of organization, the decisions of the Supreme Court do not render the organization of the district void as to all land owners where the first judgment was reversed merely because the petition was not sufficiently specific in the description of the proposed work.   (*People* v. *Shannon, ante,* p. 186, followed.)

APPEAL from the Circuit Court of Wayne county; the Hon. JULIUS C. KERN, Judge, presiding.

ROSCOE FORTH, State's Attorney, (E. B. GREEN, THEODORE G. RISLEY, and BEN H. TOWNSEND, of counsel,) for appellants.

CREIGHTON & THOMAS, and KRAFT, KRAFT & ERSKINE, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The People, on the relation of certain land owners, filed an information in the nature of *quo warranto* against the commissioners, to have declared void Borah Drainage Dis-

trict, which has become familiar by frequent appearances in this court, and to oust the commissioners. A trial was had on issues joined. The court found the defendants not guilty of the usurpation charged in the information, rendered judgment dismissing it, and against the relators for costs. This appeal is prosecuted by the relators from the judgment.

Appellees filed five pleas to the information. The first plea set out in full the entire proceedings and record in the organization of the district and the judgment of the county court declaring it duly organized, also the proceedings levying and confirming the special assessment, the appointment of commissioners, and alleged the judgments of organization and confirmation were in full force and effect, binding and conclusive against all the lands and the owners thereof in the district, except eleven persons named, as to whom the judgment of organization had been reversed. The other four pleas set up acquiescence and *laches.* Appellants demurred to all the pleas. The court overruled the demurrer as to the first plea and sustained it as to the other four. Appellants filed replications to the first plea and issues were joined and the trial had under the issues joined on that plea.

As we understand appellants' position, it is that the judgment of confirmation in May, 1914, was void, and also, as contended in *People* v. *Shannon,* (*ante,* p. 186,) that by the judgment of this court in *People* v. *Bonham,* 286 Ill. 286, it was decided that as to all land owners in the district there is no such corporation as Borah Drainage District. We have in our opinion in *People* v. *Shannon, supra,* referred to the litigation involving the district in previous decisions of this court, the questions involved in those cases and what was decided in and by them.

Appellants do not contend that the petition for the organization of the district was insufficient to give the county court jurisdiction of the subject matter or that it failed to

acquire jurisdiction of the persons by proper notice. The court never held in any case that the judgment of confirmation was void for want of jurisdiction in the county court. The judgment of organization in 1911 was reversed for error in the exercise of the court's jurisdiction, and thereafter the judgment as to all parties was set aside, the petition amended, and in May, 1914, another judgment of organization was entered. That judgment was reversed as to certain land owners on a writ of error prosecuted by them because the petition had not been amended in one respect to conform to the opinion of the court reversing the judgment of 1911. (*Borah Drainage District* v. *Ankenbrand,* 279 Ill. 488.) It is clear from the opinion in that case that the reversal was not for want of jurisdiction in the court to enter the judgment. The court expressly said the question was not whether the petition was sufficient to give the county court jurisdiction but whether it was sufficiently specific in the description of the proposed work, and the cause was remanded, with directions that unless the petition was so amended, to dismiss it "as to the lands of plaintiffs in error." The contention that the judgment of confirmation in 1914 was void cannot be sustained.

The principal contention of appellants is based on the two decisions offered in evidence in this case and which were the same decisions introduced in *People* v. *Shannon, supra,* namely, that this court by its decisions in *People* v. *Bonham, supra,* and *Borah Drainage District* v. *Farris,* 291 Ill. 165, declared Borah Drainage District did not exist as to anyone or for any purpose. What we have said in *People* v. *Shannon, supra,* and the reasons given why appellants' position is untenable, must control this case and need not be again stated here.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*