(No. 15610.—Judgment affirmed.)
THE PEOPLE *ex rel.* G. J. Book, County Collector, Appellant, *vs.* E. E. GRUBB *et al.* Appellees.

*Opinion filed October 28, 1924—Rehearing denied Dec. 3, 1924.*

DRAINAGE—*a judgment of confirmation declared void as to objectors is not made valid by subsequent judgment of organization.* A judgment of confirmation of drainage assessments which, as to objectors who had sued out a writ of error, was declared void by the Supreme Court because no order or judgment of organization of the district was entered under the amended petition therefor, is not rendered valid by a judgment of .organization several years thereafter so as to make said objectors liable for the assessments prior to the latter judgment. (*People* v. *Bonham,* 286 Ill. 286, and *People* v. *Crews,* 302 id. 207, explained.)

APPEAL from the County Court of Wayne county; the Hon. J. V. HEIDINGER, Judge, presiding.

ROSCOE FORTH, State's Attorney, and KRAFT, KRAFT & ERSKINE, for appellant.

WILLIAM T. BONHAM, for appellees.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

At the August term, 1914, the county court of Wayne county entered judgment confirming assessments levied by Borah Drainage District against the lands in said district, including those of appellees. At the July term, 1923, of the county court the county collector applied for judgment and order of sale against the lands of all owners who have refused to pay the assessments due in 1922 and prior years. Objections were filed by E. E. and M. J. Grubb, F. A. Brown, S. K. Witter, Jeff. Farris, J. Vol. Borah, J. M. Gaither and Michael Ankenbrand, land owners in the district. The objections were sustained by the court and judgment and order of sale denied.

314—12

The judgment of organization of Borah Drainage District, in Wayne county, was entered in 1911 and was reversed by this court, on appeal by a number of the land owners of the district, on the grounds that the district as proposed embraced lands lying in different watersheds and because one of the laterals in the drainage system was not properly described in the petition. (*Borah Drainage District* v. *Ankenbrand*, 260 Ill. 335.) When the cause was re-instated in the county court at the May term, 1914, a motion was made to dismiss the petition by those opposing the organization of the district. The motion was overruled. The petition was not amended in accordance with the suggestions of this court in the above cause, but the county court entered an order referring the petition to the commissioners, with directions to exclude from the district the lands lying east of Shelton ridge and in different watersheds from the other lands of the district, and they modified their report accordingly. The motion to dismiss the petition was then renewed but was denied by the court, the report of the commissioners confirmed, and the judgment of the court was entered declaring the district duly organized. An assessment roll of benefits and damages was confirmed in September, 1914, and some of the land owners sued out a writ of error to review the record. The judgment was affirmed as to five of the plaintiffs in error after overruling their demurrer to a plea of the district in bar of the writ. (*Borah Drainage District* v. *Ankenbrand*, 277 Ill. 132.) The other pleas in bar of the writ were held bad on demurrer, and being pleas of release of errors, defendant in error then joined in error; and this court in the same case in 279 Ill. 488, reversed the judgment of the court, holding that the second order or judgment of organization was invalid as to the remaining plaintiffs in error because the petition had not been amended as suggested by this court, and remanded the cause, with directions to dismiss the petition as to the lands of such plaintiffs in error

unless it was amended. The plaintiffs in error assigned no error on the record challenging the order and judgment of the court confirming the assessment roll of benefits and damages, and for that reason this court did not consider or even refer to that judgment in the second decision of the case. Before the mandate of this court reversing the second judgment of organization was filed in the county court, the commissioners of the drainage district moved the county court for leave to amend the petition *nunc pro tunc,* or as of March 11, 1911. The motion was allowed and the petition was presumably modified to conform to the suggestions of this court. No order or judgment of organization under the amended petition was entered, and this court held in *People* v. *Bonham,* 286 Ill. 286, that because no further order was entered there was still no order of organization of Borah Drainage District, and no such existence as Borah Drainage District as to certain of the land owners of the district, among whom are included all of the appellees in the case now before us. This court therefore in the last case above cited held that it could not sustain an assessment against lands included in the drainage district where there was no judgment declaring the district organized as to the owners of such lands, and affirmed the judgment of the county court sustaining the objections of the land owners to the judgment for assessments levied in 1914. The appellees in the case now in hand were parties to all the litigation aforesaid, and under the facts shown in this record and stipulated, there was no judgment of organization of Borah Drainage District as to them until November 25, 1922, at which time there was such a judgment entered against appellees and others, and it is binding on them, as from such judgment there has been no appeal by them or writ of error prosecuted to review the same. There was further litigation concerning Borah Drainage District referred to by the parties in this suit, the results of which may be understood by reference to *Borah*

*Drainage District* v. *Farris,* 291 Ill. 165, *People* v. *Shannon,* 302 id. 186, and *People* v. *Crews,* id. 207.

The principal question presented for decision on the record now before us is whether or not the judgment in favor of appellees in the county court in 1918 and affirmed by this court in *People* v. *Bonham, supra,* is *res judicata* as to all questions sought to be litigated in this case. Stated in another way, it is appellees' contention that the judgment confirming the assessments against appellees by the county court in 1914 was void, as held by this court in *People* v. *Bonham, supra,* and because there was at that time no judgment of organization of the district as to them, and that such judgment is still void, and should be so held in this case although there was a valid judgment of organization of the district entered against appellees in 1922. It seems to be appellant's contention that the judgment of organization of the district against appellees made by the county court in 1922 is to be considered as rendering valid the judgment for assessments in 1914 and that the county court erred in refusing to so hold, and that appellant is now entitled to judgment for the taxes in question although there has been no proceeding against appellees to obtain judgments for assessments since the organization order of 1922.

Appellant seems to base his contention largely upon the decisions of this court in *People* v. *Bonham, supra,* and *People* v. *Crews, supra.* We think that the county collector has misapprehended the holding of this court in these two cases. This court expressly held in *People* v. *Bonham, supra,* that the well settled rule that where a court has jurisdiction of the subject matter and of the parties, its judgments, although erroneously entered, cannot be attacked collaterally, was not applicable to that case, and for the reason that there was no judgment at all of organization of the district as against the appellees in that case. This court then held that as Borah Drainage District did not exist at that

time as to appellees, the judgment in its favor against appellees for the assessments of 1914 could not be sustained. The sentence in that case that seems to confuse appellant is in these words: "It may be if that had been done [the petition amended and judgment rendered declaring the district organized] it would have been the duty of the county court to render judgment against the lands for the assessment." This court did not mean by the foregoing language to hold that a subsequent judgment of organization of the district would relate back to and render the judgment of 1914 confirming the assessments as valid as to appellees. The idea intended to be conveyed was, that if the county court had had the petition amended and had then entered a judgment declaring the district organized, in such case the judgment for the assessments which later followed the judgment of organization might have been correct or warranted. To correctly understand the decisions of this court above cited, it is necessary to know that this court by those decisions has given Borah Drainage District the distinction as having at one and the same time no existence as to some of the litigants in those cases and an existence at all times as to those who never challenged its existence. It never had any existence as to these appellees until the judgment of organization, in 1922. It did have existence at all times from the time the first order of organization was entered, as to all parties or land owners in the district who had not challenged its existence and as to the five plaintiffs in error whose demurrer to the plea of the district was overruled in the case in 277 Ill. 132. Keeping this in mind, the decision in *People* v. *Crews, supra,* will be understood where we said, "The contention that the judgment of confirmation in 1914 was void cannot be sustained." That was a proceeding to oust the drainage commissioners, and we simply there held, in substance, that as the district did exist as to the appellants in that case who had never con-

tested the judgment of organization, the judgment of organization could not be held invalid as to them.

For the same reasons indicated in *People* v. *Bonham, supra,* the judgment confirming the assessments against appellees in this case and rendered in 1914 is void as to them, for the reason that at the time that judgment was rendered Borah Drainage District had no existence as to appellees. The fact that there was a valid judgment of organization as to appellees in 1922 has no effect whatever to legalize or give vitality to the void judgment of 1914.

The judgments for the assessments in this case being void as to appellees, the county court properly sustained their objections and entered judgment against appellant.

The judgment of the county court is affirmed.

*Judgment affirmed.*